## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, | ) | |
| ASTRAZENECA UK LIMITED, | ) | |
| IPR PHARMACEUTICALS, INC., and | ) | |
| SHIONOGI SEIYAKU KABUSHIKI KAISHA, | ) | C.A. No. 07-809-JJF-LPS |
| | ) | |
| Plaintiffs, | ) | **PUBLIC VERSION** |
| | ) | |
| v. | ) | |
| | ) | |
| APOTEX INC., and APOTEX CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## APOTEX INC.'S REPLY BRIEF IN
## SUPPORT OF ITS MOTION TO DISMISS

OF COUNSEL:

Robert B. Breisblatt
Joanna R. Stevason
Jeremy C. Daniel
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661-3693
Tel: (312) 902-5480

J. Aron Carnahan
Laurie A. Haynie
WELSH & KATZ, LTD.
120 S. Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
Tel:    (312) 655-1500

Dated: May 5, 2008
Public Version Dated: May 12, 2008
864084 / 32546

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants*

# TABLE OF CONTENTS

TABLE OF CONTENTS. ...................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 2

    I.    THE FACT THAT APOTEX INC. PREVIOUSLY LITIGATED IN THIS DISTRICT DOES
        NOT SUBJECT IT TO THIS COURT'S GENERAL JURISDICTION ..................................... 2

    II.   APOTEX INC. IS NOT SUBJECT TO GENERAL JURISDICTION BASED ON THE
        CONDUCT OF THE SEPARATE ENTITY, APOTEX CORP. ............................................ 7

        A.    Apotex Corp. Is Not Apotex Inc.'s Agent For Purposes Of The Delaware
               Long-Arm Statute ........................................................................................ 7

        B.    Even If Apotex Corp. Were Apotex Inc.'s Agent Under § 3104(c)(4),
               Apotex Corp.'s Limited Contacts With Delaware Are Insufficient To
               Subject Apotex Inc. To General Jurisdiction .............................................. 13

             1.    Apotex Corp.'s Minimal Sales In Delaware Do Not Confer
                     Jurisdiction ..................................................................................... 14

             2.    Apotex Corp.'s Minimal Sales Calls In Delaware Do Not Confer
                     Jurisdiction ..................................................................................... 17

             3.    Apotex Corp.'s Status As An ANDA Agent Does Not Confer
                     Jurisdiction ..................................................................................... 17

             4.    Apotex Corp.'s Status As A Delaware Corporation Does Not
                     Confer Jurisdiction ......................................................................... 17

             5.    AstraZeneca LP's Status As A Delaware Corporation Does Not
                     Confer Jurisdiction ......................................................................... 18

    III.  DUE PROCESS IS NOT SATISFIED ........................................................................ 19

V.    CONCLUSION ............................................................................................................ 19

# TABLE OF AUTHORITIES

## Cases

*Abbott Labs. v. Mylan Pharmaceuticals, Inc.*,
   No. 05 C 6561, 2006 U.S. Dist. LEXIS 13782 (N.D. Ill. Mar. 28, 2006) .............................. 3, 7

*Afros S.P.A. v. Krauss-Maffei Corp.*,
   624 F. Supp. 464 (D. Del. 1985)........................................................................................... 10

*Apotex Inc. v. Pfizer*,
   125 Fed. Appx. 987 (Fed. Cir. 2005)...................................................................................... 6

*Applied Biosystems, Inc. v. Cruachem, Ltd.*,
   772 F. Supp. 1458 (D. Del. 1991).................................................................................. *passim*

*Colonial Mortgage Serv. Co. v. Aerenson*,
   603 F. Supp. 323 (D. Del. 1985).......................................................................................... 5, 7

*Eli Lilly and Co. v. Mayne Pharma (USA) Inc.*,
   504 F. Supp. 2d 387 (S.D. Ind. 2007)................................................................................ 15, 16

*Glaxo Inc. v. Genpharm Pharmaceuticals, Inc.*
   796 F. Supp. 872 (E.D.N.C. 1992)......................................................................................... 17

*Glaxo Wellcome Inc. v. Mylan*,
   No. AMD 96-3477, 1997 U.S. Dist. LEXIS 23930 (D. Md. Mar. 31, 1997) ..................... 15, 16

*Hill v. Equitable Trust Co.*,
   562 F. Supp. 1324 (D. Del. 1983)......................................................................................... 16

*LSI Indus. Inc. v. Hubbell Lighting, Inc.*,
   232 F.3d 1369 (Fed. Cir. 2000)............................................................................................ 16

*Merck & Co. v. Barr Laboratories, Inc.*,
   179 F. Supp. 2d 368 (D. Del. 2002).............................................................................. *passim*

*Monsanto Co. v. Syngenta Seeds, Inc.*,
   C.A. No. 04-305-SLR, 2006 U.S. Dist. LEXIS 54534 (D. Del. Aug. 4, 2006).............. 1, 11, 18

*Mylan Labs., Inc. v. Akzo N.V.*,
   2 F.3d 56 (4th Cir. 1993) ..................................................................................................... 12

*Mylan Pharmaceuticals, Inc. v. Kremers Urban Development Co.*,
   C.A. No. 02-1628-GMS, 2003 U.S. Dist. LEXIS 5728 (D. Del. Apr. 7, 2003) ................. 13, 18

*Nesbit v. Gears Unlimited, Inc.*,
   347 F.3d 72 (3d Cir. 2003).................................................................................................... 1

*Provident National Bank v. California Federal Savings & Loan Association,*
    819 F.2d 434 (3d Cir. 1987)................................................................................................. 2

*TorPharm, Inc. v. Pfizer Inc.,*
    C.A. No. 03-990-SLR, 2004 U.S. Dist. LEXIS 11930 (D. Del. June 28, 2004) ................... 5, 6

*Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*
    863 F. Supp. 186 (D. Del. 1993)..................................................................................... 12, 13

*Wright v, American Home Products Corp.,*
    768 A.2d 518 (Del. Super. Ct. 2000) .................................................................................. 18

*Zeneca Ltd. v. Mylan Pharmaceuticals, Inc.,*
    No. S 96-1736, 1997 U.S. Dist. LEXIS 12377 (D. Md. Jan. 3, 1997) .............................. 15, 16

**Statutes**

10 Del. C. § 3104(c)(4) ......................................................................................... *passim*

21 C.F.R. § 271(e)(2)(A) ................................................................................................ 10

21 C.F.R. § 314.50(a)(5).................................................................................................. 11

21 C.F.R. § 314.52(c)(7)(c) ............................................................................................. 10

21 U.S.C. § 355(j)(5)(B)(iv) ............................................................................................. 6

35 U.S.C. § 271(e)(2)......................................................................................................... 3

**Other Authorities**

16 *Moore's Federal Practice*, § 108.41[3] (Matthew Bender 3d ed.).......................................... 19

## **INTRODUCTION**

In its moving brief, Apotex Inc. demonstrated that this Court lacks personal jurisdiction over it because it is a Canadian company that lacks any meaningful contacts with Delaware. In Response, Plaintiffs do not dispute that this Court lacks specific jurisdiction over Apotex Inc. Instead, Plaintiffs contend that general jurisdiction exists because (1) Apotex Inc. previously participated in litigation in this District; and (2) the actions of a separate corporate entity, Apotex Corp., may be imputed to Apotex Inc. and provide the basis for personal jurisdiction. Neither argument supports the exercise of general jurisdiction over the Canadian entity. First, case law is clear that simply engaging in unrelated litigation in this District does not satisfy the Delaware long-arm statute or the requirements of due process. Second, the actions of the separate and distinct entity of Apotex Corp. cannot be imputed to Apotex Inc. because Plaintiffs have failed to prove that Apotex Inc. exercises the requisite control over Apotex Corp. to establish an agency relationship under the long-arm statute. And even if Apotex Corp. could be considered Apotex Inc.'s agent under the statute, Apotex Corp.'s limited contacts with Delaware do not satisfy the requirements of the long-arm statute or due process.

Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with "reasonable particularity" that sufficient contacts have occurred between the defendant and the forum state to support jurisdiction. *Monsanto Co. v. Syngenta Seeds, Inc.*, C.A. No. 04-305-SLR, 2006 U.S. Dist. LEXIS 54534, at *16 (D. Del. Aug. 4, 2006). Moreover, when jurisdiction turns on whether a particular fact is true, "a court may inquire into the jurisdictional facts without viewing the evidence in a light favorable to either party." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003). *See also, Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1462 (D. Del. 1991) (when parties conduct jurisdictional

discovery, "the Court need not be blind to the discovered materials, and should look beyond the façade of the pleadings."). To establish general jurisdiction, Plaintiffs must show "significantly more than mere minimum contacts" and Apotex Inc.'s contacts with Delaware "must be continuous and substantial." *Provident National Bank v. California Federal Savings & Loan Association*, 819 F.2d 434, 437 (3d Cir. 1987). Although Plaintiffs have conducted jurisdictional discovery, they have failed to meet their burden, and Apotex Inc.'s Motion to Dismiss should be granted.

## ARGUMENT

### I.  THE FACT THAT APOTEX INC. PREVIOUSLY LITIGATED IN THIS DISTRICT DOES NOT SUBJECT IT TO THIS COURT'S GENERAL JURISDICTION

In order to prove its claim for general jurisdiction under the Delaware long-arm statute, Plaintiffs must establish that Apotex Inc. "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State." 10 Del. C. § 3104(c)(4). Plaintiffs contend that Apotex Inc. is subject to this Court's general jurisdiction because Apotex Inc. was a party in nine other unrelated ANDA suits in this District. Apotex Inc. was a named defendant in eight of the suits, one of which was dismissed before the Answer was filed. (Ex. 5 to Hammond Declaration, Docket No. 40, pp. 6-8.)[1] In the remaining seven suits, Apotex Inc. only submitted to the jurisdiction of this Court for purposes of that particular case.[2] According to case law on point, consenting to

---

[1] Hereinafter, exhibits to the Hammond Declaration are referred to as "AZ Ex. __."

[2] *See* AZ Ex. 7, Answer to Sanofi-Aventis Complaint par. 7 ("*For purposes of this action*, Apotex, Inc. does not contest the Court's personal jurisdiction over it."); AZ Ex. 8, Answer to Senju Pharmaceutical Complaint par. 15 ("Apotex admits that Apotex Corp. and Apotex Inc. *consent to [personal ] jurisdiction in this Court,* but otherwise denies knowledge or information sufficient to form a belief as to the remaining defendant."); AZ Ex. 9, Answer to Allergan

jurisdiction in other litigation in the district and even asserting counterclaims in other cases is not a valid basis for subjecting a party to the Court's general personal jurisdiction.

In *Abbott Labs. v. Mylan Pharms., Inc.*, No. 05 C 6561, 2006 U.S. Dist. LEXIS 13782 (N.D. Ill. Mar. 28, 2006), Abbott, like Plaintiffs here, brought suit for patent infringement under 35 U.S.C. § 271(e)(2) based on Mylan's filing of an abbreviated new drug application ("ANDA") with the FDA. Mylan moved to dismiss for lack of personal jurisdiction because it was headquartered in West Virginia and had no contacts with the forum state related to the "artificial" act of infringement asserted in that case (the filing the ANDA). Abbott, like Plaintiffs here, alleged general jurisdiction based, in part, on Mylan's history as a defendant in that court and its "decisions in the past not to contest personal jurisdiction." *Id.* at *19-20. The court, however, refused to "second-guess the strategy of Mylan's attorneys to accept service in those particular cases," and concluded that "**prior litigation within the state of Illinois does not support a finding of general jurisdiction**." *Id.* at *20, emphasis added. The court reviewed the other cases in which Mylan was a defendant, and found that "none contain a finding as to whether Illinois has general jurisdiction over Mylan." *Id.*

---

Complaint par. 8 ("*Based on the facts and causes alleged herein*, this Court has personal jurisdiction over Defendants. ANSWER: Admitted that the Court has personal jurisdiction over Apotex Inc. and Apotex Corp.; otherwise denied."); AZ Ex. 10, Answer to Medpointe Healthcare Complaint par. 12 (admitted that "this Court has personal jurisdiction over Apotex Inc. *for this action*); AZ Ex. 11, Answer to Medpointe Healthcare Complaint, par. 12 (admitted that "this Court has personal jurisdiction over Apotex Inc. *for this matter*); and AZ Ex. 13, Answer to Merck Complaint par. 4 (Apotex admitted that it "submitted to personal jurisdiction in this judicial district *for this action.*") In the seventh suit brought by Boehringer Ingelheim Pharmaceuticals, there was no specific allegation concerning personal jurisdiction to which Apotex Inc. responded. *See* AZ Ex. 12, Answer to Boehringer Ingelheim Pharmaceuticals, Inc. Complaint.

In *Abbott*, the defendant Mylan Pharmaceuticals, Inc. had participated as a defendant in at least four previous cases in the Northern District of Illinois without challenging personal jurisdiction and in some cases asserting counterclaims (*see* Exhibits A-1 through A-4, attached), yet the district court rejected this involvement in previous litigation as a basis for exercising personal jurisdiction over Mylan. Likewise, the fact that Apotex Inc. consented to jurisdiction in other cases in this District, in some cases, asserted counterclaims, does not support a finding of general personal jurisdiction in the case at bar, because in none of the other cases was there a "finding" as to whether Delaware had general jurisdiction over Apotex Inc. *See Abbot Labs.,* at *20.[3]

In connection with their argument on this point, Plaintiffs contend that ANDA litigation is a "key part of Apotex Inc.'s regular business activities" and Apotex Inc. "actively conducts its ANDA litigation business in Delaware." (Response Brief pp. 12, 14.) However, the truth of the matter is that Apotex Inc. is the largest Canadian-owned pharmaceutical company that manufactures and sells drugs throughout the world. (*See* AZ Ex. 3.) The fact that, as a by-product of its attempts to gain entry into the U.S. market, Apotex Inc. is often named as a defendant in ANDA litigation, does not transform such participation in litigation into a "regular business activity" in Delaware or a "persistent course of conduct" within the meaning of Section 3104(c)(4). The defendant in *Abbott* (Mylan Pharmaceuticals, Inc.), like Apotex Inc., is also a generic drug manufacturer who is frequently sued in U.S. courts under the Hatch-Waxman Act

---

[3] Plaintiffs make much of the fact that Apotex allegedly "unequivocally admitted the propriety of personal jurisdiction over it in Delaware." (Plaintiffs' Response p. 14.) However, the so-called "admission" was in direct response to an allegation "*based on the facts and causes alleged*" in the complaint, and was at most an "admission" for purposes of that case only. (AZ Ex. 9 par. 8.) Also, there was no court finding that personal jurisdiction was proper over Apotex Inc. in that case. For the reasons stated in *Abbott*, this does not establish general personal jurisdiction.

(*see* Ex. A-5, attached), but the Northern District of Illinois still refused to impose general personal jurisdiction over Mylan based on its litigation history in that district.

In fact, Plaintiffs have failed to cite a single case in which a party was found to be subject to a court's general jurisdiction based on litigation activities alone. Instead, Plaintiffs rely on a case where the court exercised general jurisdiction over the defendant because it had a number of significant contacts with the State over a period of some 15 years, and participation in litigation was only part of the picture. In *Colonial Mortgage Serv. Co. v. Aerenson*, 603 F. Supp. 323, 327 (D. Del. 1985), the defendant bank ("Continental") had "entered into some 200 loan agreements with Delaware mortgagors" and "placed millions of dollars at risk in Delaware property," in addition "*repeatedly invok[ing] the benefits* of the Delaware state courts to protect its interests." *Id.*, emphasis added. The court concluded that Continental's activities "fall within the literal language of § 3104(c)(4) in that the bank regularly does business or engages in a persistent course of conduct or derives substantial revenue from services in the state." *Id.* In the case at bar, of course, Apotex Inc.'s only contact with the state of Delaware is its participation in 8 ANDA suits in this District, 7 of which Apotex Inc. was a named defendant. This is not "regularly doing business," "repeatedly invoking the benefits" of the court, or engaging in a "persistent course of conduct" as contemplated by Section 3104(c)(4) or *Colonial Mortgage*.

Neither have Plaintiffs proved that Apotex Inc. derived "substantial revenue" from litigation activities within the state. Plaintiffs' claims to the contrary notwithstanding, Apotex Inc. did not derive revenue as a "direct result" of a case filed by Apotex back in 2003. (*See* Plaintiffs' Response p. 13.) In the single Delaware case in which Apotex Inc. appeared as a plaintiff (*TorPharm v. Pfizer*), the Apotex parties attempted to bring a suit for declaratory judgment against Delaware corporation Pfizer, seeking a ruling that Pfizer's patent covering

5

quinapril hydrochloride was not infringed by Apotex's generic version of the drug.  (AZ Ex. 6, p. 15.)  Under the framework of Hatch-Waxman at the time, Apotex needed a ruling of non-infringement from the district court in order to trigger the first ANDA filer's 180-day exclusivity period for selling the drug, and thus open the way for Apotex's ANDA to receive FDA approval. *TorPharm, Inc. v. Pfizer Inc.*, C.A. No. 03-990-SLR, 2004 U.S. Dist. LEXIS 11930 n. 9 (D. Del. June 28, 2004).  The district court, however, dismissed Apotex's claims based on a lack of subject matter jurisdiction because there was no reasonable apprehension of suit.  *Id.* at *42. Apotex's later appeal was dismissed on April 11, 2005, because, less than one week before oral argument, Pfizer granted Apotex a covenant not to sue, which mooted the action for declaratory judgment.  *Apotex Inc. v. Pfizer*, 125 Fed. Appx. 987 (Fed. Cir. 2005), AZ Ex. 22.  Because the case was rendered moot, Apotex was actually *unsuccessful* in its attempt to obtain a court ruling that would trigger the first-filer's 180 day exclusivity under 21 U.S.C. § 355(j)(5)(B)(iv), and Apotex did not begin selling quinapril ▮▮▮▮▮, even though it obtained the covenant not to sue in 2005.  (*See* AZ Ex. 4 at AC000023, showing that quinapril sales did not begin until 2007). Plaintiffs' statement that Apotex Corp. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is not true, is based on pure speculation, and must be rejected as a basis for exercising general jurisdiction over Apotex Inc.

In sum, Plaintiffs have failed to identify a single case in which a party was subject to a court's general jurisdiction based solely on its previous participation in litigation in the forum. In the one case cited by Plaintiffs, the defendant had engaged in significant business activities in addition to bringing not just one, but a number of lawsuits to enforce its rights in Delaware. Apotex Inc.'s role as defendant in a handful of ANDA suits and its unsuccessful attempt to obtain a declaratory judgment ruling in the single case in which it was the plaintiff are neither

"continuous" nor "substantial" as required by the Third Circuit, and does not bring Apotex Inc.

within *Colonial Mortgage*.  Perhaps more importantly, the only court to consider this precise

issue in the context of ANDA litigation has rejected participation in prior litigation as a basis for

imposing general personal jurisdiction.  *Abbott Labs v. Mylan*.  For these reasons, Apotex Inc.'s

participation in other ANDA cases does not to support the exercise of personal jurisdiction over

Apotex Inc.

## II.    APOTEX INC. IS NOT SUBJECT TO GENERAL JURISDICTION BASED ON THE CONDUCT OF THE SEPARATE ENTITY, APOTEX CORP.

Plaintiffs also contend that this Court may exercise general jurisdiction over Apotex Inc.

based on the conduct of a completely separate corporate entity—Apotex Corp.  (Plaintiffs'

Response pp. 15-18.)  However, Plaintiffs have failed to establish that Apotex Corp. is Apotex

Inc.'s "agent" for purposes of imposing general jurisdiction under Delaware law, and even if an

agency relationship were present, Apotex Corp.'s minimal sales and other activity in Delaware

do not satisfy the requirements of general jurisdiction.

### A.    Apotex Corp. Is Not Apotex Inc.'s Agent For Purposes Of The Delaware Long-Arm Statute

Under the Delaware long-arm statute on which Plaintiffs base their claim of general

jurisdiction, a court may exercise personal jurisdiction over a party who "in person or *through an*

*agent* . . . causes tortious injury in the State or outside of the State by an act or omission outside

the State if the person regularly does or solicits business, engages in any other persistent course

of conduct in the State or derives substantial revenue from services, or things used or consumed

in the State . . ."  10 Del. C. § 3104(c)(4), emphasis added.

"Delaware law provides two theories under which a court may establish jurisdiction over

a parent corporation based on jurisdiction over a subsidiary: the alter ego theory and the agency

7

theory." *Applied Biosystems*, 772 F. Supp. at 1463.[4]  Under the alter ego theory, courts will

ignore the corporate boundaries if fraud or inequity is shown. *Id.*  "The agency theory, by

contrast examines the degree of control which the parent exercises over the subsidiary." *Id.*  The

"factors" relevant to the agency determination include "the extent of overlap of officers and

directors, methods of financing, the division of responsibility for day-to-day management, and

the process by which each corporation obtains its business." *Id.*  No one factor is either

necessary or determinative; rather it is the specific combination of elements which is significant.

*Id.*  Moreover, even if an agency relationship is found to exist, this alone is not enough to confer

jurisdiction under the Delaware long arm statute.  Rather, "the result of finding such an agency

relationship is simply that we may attribute certain of [the agent's] acts to [the related

corporation] in assessing whether the requirements of the Delaware long-arm statute have been

satisfied." *Id.* at 1464.

     Plaintiffs do not allege that Apotex Inc. has engaged in fraud or inequity, so they

evidently do not seek to establish an alter ego theory of agency based on the conduct of Apotex

Corp.  Consequently, Plaintiffs must establish personal jurisdiction, if at all, under the agency

theory.  Before filing their response, Plaintiffs conducted jurisdictional discovery, yet they have

presented absolutely no evidence that Apotex Inc. exercises any control over Apotex Corp., let

alone the degree of control necessary to create an agency relationship under Section 3104(c)(4)

under the factors outlined in *Applied Biosystems*.  Moreover, the allegations on which Plaintiffs

rely to support their agency theory are either untrue or irrelevant, as explained below:

---

[4] The agency theory may also apply to the relationship between two subsidiaries each wholly
owned by the same parent corporation.  772 F. Supp. at 1463. ████████████████████
████████████████████████████████  *See* AZ Ex.14 at AI000001.

- Plaintiffs claim that Apotex Inc. and Apotex Corp. are "two parts of the Apotex Group, *which Apotex Inc. heads . . .*" (Plaintiffs' Response p. 17, emphasis added.)  Plaintiffs generally refer to the Apotex web site to support their claim that Apotex "heads" the Apotex Group (Plaintiffs' Response p. 4, citing AZ Ex. 3), but there is nothing in the website or the materials submitted by Plaintiffs to support this statement.  In fact, Apotex Inc. does *not* "head" the Apotex Group of companies (Declaration of Tammy McIntire ("McIntire Dec.") par. 3, Ex. B hereto), and even if it did, this would not be sufficient to establish an agency relationship under the long-arm statute.

- Also untrue is Plaintiffs' claim that "from its start, Apotex Inc. was set up to manufacture generic drugs for export into the United States."  (Plaintiffs' Response p. 4).  Apotex Inc. was founded in 1974, and started as a Canadian pharmaceutical enterprise until it became the largest Canadian-owned pharmaceutical company (AZ Ex. 3 p. 3).  It was not until over 20 years later, in September of 1997, that Apotex Inc. received approval to sell its first U.S. registered product. (AZ Ex. 3 p. 2).  Thus, Plaintiffs' claim that Apotex Inc. was "set up" "from the start" to manufacture drugs for export into the United States, when it did not even build the Etobicoke facility for manufacturing such drugs until nearly 20 years after it was formed, is ludicrous.

- Plaintiffs further claim that the "Apotex Group, which Apotex Inc. heads, incorporated Apotex Corp. in Delaware . . .." (Plaintiff's Response p. 16.)  This is also untrue because as explained above, Apotex Inc. does not "head" the Apotex Group, and in response to discovery on this point, Apotex Inc. told Plaintiffs that "the entity that is currently known as Apotex Corp. was formed by a holding company that was *not* the predecessor of

9

Apotex Inc." AZ Ex. 17 p. 2, emphasis added.) Plaintiffs' representation to the contrary
is disingenuous at best.

- In addition, merely because Apotex Corp. is a related corporate entity that happens to
distribute products manufactured by Apotex Inc. is not enough to establish an agency
relationship. In *Afros S.P.A. v. Krauss-Maffei Corp.*, 624 F. Supp. 464 (D. Del. 1985),
the plaintiff brought a patent infringement suit against a West German corporation
(KMAG) and its wholly-owned U.S. subsidiary (KMC), a Delaware Corporation that
distributed and sold products manufactured by the West German parent. The court
granted the West German defendant's motion to dismiss for lack of personal jurisdiction
because to exercise personal jurisdiction over this defendant would violate constitutional
due process: "KMAG has *no* direct contact with Delaware; its only ascertainable
'contact' is through its subsidiary, KMC. This indirect relationship does not comply with
the due process requirement of minimum contacts." *Id.* at 468.

- Moreover, the fact that Apotex Corp. was Apotex Inc. "agent" for purposes of filing the
Abbreviated New Drug Application ("ANDA") has no bearing on the question of agency
under the Delaware long-arm statute because it has nothing to do with whether Apotex
Inc. exercises the requisite degree of control over Apotex Corp. Apotex Corp. was
designated by Apotex Inc. under 21 C.F.R. § 271(e)(2)(A) as Apotex Inc.'s agent in the
United States authorized to accept service of process for Apotex Inc. in connection with
its ANDA.[5] (Complaint pars. 7, 14, Doc. No. 1) Apotex Corp. also countersigned

---

[5] 21 C.F.R. § 314.52(c)(7)(c) states that if the ANDA applicant does not reside or have a place of
business in the United States, the applicant must provide "the name and address of an agent in
the United States authorized to accept service of process for the applicant."

Apotex Inc.'s ANDA as required by the regulations.[6]  Moreover, none of Apotex Corp.'s

activities relating to the ANDA even took place in Delaware, since Apotex Corp. signed

the ANDA in Florida and it was submitted to the FDA in Maryland.  Thus, the fact that

Apotex Corp. was Apotex Inc.'s "agent" for purposes of submitting its ANDA has no

bearing on whether Apotex Inc. exercises the requisite control over Apotex Corp. so as to

establish an agency relationship under the Delaware long-arm statute, and Plaintiffs'

argument on this point should be rejected.

In truth, Apotex Corp. and Apotex Inc. are both part of the Apotex Group of companies,

and the Apotex Group of companies is not headed by Apotex Inc., Plaintiff's claims to the

contrary notwithstanding.  (McIntire Dec. par. 3, Ex. B.)  Apotex Corp. and Apotex Inc. are each

maintained as completely separate corporate entities.  They each maintain their own books and

records, financial statements and tax returns.  (*Id.* at pars. 4-5.)  Moreover, Apotex Inc. has no

involvement in the day-to-day management of Apotex Corp. or the process by which Apotex

Corp. obtains business.  (*Id.* par. 6.)  Under these facts, there can be no agency relationship.  *See*

*Monsanto*, 2006 U.S. Dist. LEXIS 54534, at *8, *21 (court declined to find an agency

relationship under Delaware law between Swiss entities and their related U.S. entities, where the

Swiss companies did not direct the day to day operations of the U.S. companies, which had their

own officers and employees who were responsible for the day to day operation of the business,

and maintained their own books and records, financial statements and U.S. tax returns.)

---

[6] 21 C.F.R. § 314.50(a)(5) states, "The applicant, or the applicant's attorney, agent, or other authorized official shall sign the application. If the person signing the application does not reside or have a place of business within the United States, the application is required to contain the name and address of, and be countersigned by, an attorney, agent or other authorized official who resides or maintains a place of business within the United States.".

In *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56 (4th Cir. 1993), plaintiff sued a Dutch

Corporation (Akzo) and its U.S. subsidiary (PBI) in Maryland, and the Dutch Corporation moved

to dismiss for lack of personal jurisdiction. Plaintiff claimed that the court could exercise

general personal jurisdiction over Akzo under an agency theory based on the conduct of its U.S.

subsidiary. The district court granted the motion to dismiss, and the Fourth Circuit affirmed,

based on agency principals similar to those adopted by the Delaware courts:

> Akzo and PBI have studiously observed all corporate formalities. Mylan, by
> contrast, offered no persuasive evidence below to counter Akzo's representation
> that PBI is an autonomous corporation whose operations, management, and
> finances are entirely independent of Akzo.

2 F.3d at 63. Likewise, Apotex Corp. and Apotex Inc. have "studiously observed all corporate

formalities" and Plaintiffs have offered not "persuasive evidence" to the contrary.

The cases relied on by Plaintiffs to support their agency theory are distinguishable. In

*Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 863 F. Supp. 186 (D. Del. 1993), the court

found an agency relationship under Section 3104(c)(4) because of the close relationship between

the two defendants who were both owned by an English corporation (Pilkington PLC). The U.S.

defendant (Visioncare) was a Delaware corporation and the foreign defendant (PBH) was an

English corporation with no offices in the United States. The court ruled that there was an

agency relationship between the two defendants because they "apparently operate in lockstep as

part of a larger PBH business group." 863 F. Supp. at 188. In particular:

> [T]he business strategies and financial statements of the defendant companies are
> analyzed as a unit, and these companies present themselves as a unified entity to
> their employees and to the marketplace. . . . Many of the patents relating to
> Natural Touch lenses are owned by Visioncare, and it performed the relevant
> research in its Sunnyvale facility. However, although Visioncare appears to have
> much better information on the relevant technology, PBH has agreed, in a written
> contract, to indemnify Visioncare in all patent suits arising out of sales of Natural
> Touch lenses. It seems unlikely that truly independent companies would come to
> such an arrangement.

*Id.* at 188-189. There is no such interdependence between Apotex Inc. and Apotex Corp., who maintain completely different businesses, employees, records and finances, so *Wesley-Jessen* does not support an agency relationship here.

Because Plaintiffs have failed to present facts to establish an agency relationship, this Court may not attribute the conduct of Apotex Corp. to Apotex Inc., and the Plaintiffs' attempt to rely on the contacts of Apotex Corp. to establish general jurisdiction should be denied for this reason alone. *See Mylan Pharms., Inc. v. Kremers Urban Dev. Co.*, C.A. No. 02-1628-GMS, 2003 U.S. Dist. LEXIS 5728, at *9-10 (D. Del. 2003) (Court refused to impose personal jurisdiction over German defendant based on conduct of its Delaware subsidiaries under an agency theory because plaintiffs "produced no evidence to support this theory" and court granted defendant's motion to dismiss.)

### B. Even If Apotex Corp. Were Apotex Inc.'s Agent Under § 3104(c)(4), Apotex Corp.'s Limited Contacts With Delaware Are Insufficient To Subject Apotex Inc. To General Jurisdiction

Even if this Court were to find that Apotex Corp. and Apotex Inc. had an agency relationship under the long-arm statute, this Court would still lack general jurisdiction over Apotex Inc. because Apotex Corp.'s limited contacts with Delaware are insufficient to establish jurisdiction under Section 3104(c)(4). An agency relationship alone is not sufficient to confer jurisdiction. *Applied Biosystems*, 772 F. Supp. at 1463. Once an agency relationship is found, this simply means that the court "may consider the acts of an agent to the extent that these actions were directed and controlled by the principal" when determining whether jurisdiction exists. *Id.* at 1458, 1466.

13

Plaintiffs contend that Apotex Corp. is subject to general jurisdiction under Section 3104(c)(4) because (1) Apotex Corp. markets and sells drugs manufactured by Apotex Inc. in Delaware and the rest of the United States; (2) Apotex Corp. made visits to a Delaware customer during the past five years; and (3) Apotex Corp. is Apotex Inc.'s "agent" for Apotex Inc.'s ANDA filings. (Plaintiffs' Response p. 15.) None of these activities, either alone or in combination, satisfies the standards for general jurisdiction under Section 3104(c)(4).

### 1.    *Apotex Corp.'s Minimal Sales In Delaware Do Not Confer Jurisdiction*

Apotex Corp. is located in Florida, and it distributes and sells, throughout the United States, pharmaceutical products manufactured by Apotex Inc. and other suppliers. Apotex Corp. indirectly sells products into Delaware through independent distributors, all located outside of this State, who purchase product from Apotex Corp, and then distribute the Apotex product to Delaware. (AZ Ex. 17 p. 1; AZ Ex. 4 pp. AC000066-73.) Up until 2006, Apotex Corp. had just one direct customer in Delaware—Happy Harrys, who sold out to Walgreens in 2006. For purposes of determining whether general jurisdiction exists, this Court should consider only Apotex Corp.'s direct sales into Delaware. *Merck & Co. v. Barr Labs., Inc.*, 179 F. Supp. 2d 368, 373 (D. Del. 2002) (in similar ANDA case, Judge Farnan ruled that Defendant's indirect sales should not be considered when determining whether jurisdiction exists "because the nexus is too attenuated.") When the Complaint in this case was filed in 2007, Apotex Corp. had no direct sales into Delaware, so general jurisdiction cannot be based on Apotex Corp.'s direct sales into this State. Moreover, from 2003 to 2006, Apotex Corp. sold ████████████████

████████████████████████████████████████████████████

████████████████████ Delaware case law is clear that this is insufficient to establish the continuous contact or substantial revenue required to prove general jurisdiction. In *Merck,*

14

jurisdiction was denied under similar facts, where the Defendant's Delaware revenue comprised less than 0.13% of its total revenue, and this was not considered substantial enough to warrant an exercise of general jurisdiction." Courts in other jurisdictions have likewise ruled that revenues within the jurisdiction of less than 1% of total revenues are insufficient to confer general jurisdiction. *See Zeneca Ltd. v. Mylan Pharms., Inc.*, No. S 96-1736, 1997 U.S. Dist. LEXIS 12377 (D. Md. Jan. 3, 1997) (no general jurisdiction where defendant's sales in Maryland were less than 1% of its total sales); and *Glaxo Wellcome Inc. v. Mylan*, No. AMD 96-3477, 1997 U.S. Dist. LEXIS 23930 (D. Md. March 31, 1997) (no general jurisdiction where Mylan's sales in Maryland were .74% of its total sales).[7]

Plaintiffs' claim that Apotex Corp.'s percentage of Delaware sales "is in accordance with the expected per-capita sales for a state with Delaware's population" is irrelevant. (Plaintiffs' Response p. 18). Plaintiffs cite no authority that considers a defendant's sales in the context of a forum's population when determining whether general jurisdiction is present. Courts instead look at sales as a percentage of the defendant's total sales in order to determine whether a

---

[7] Plaintiffs claim that they may rely on *all* of Apotex Inc.'s sales to Delaware, not just its direct sales, for purposes of evaluating jurisdiction. (*See* Plaintiffs' Response p. 15.) However, plaintiffs rely on a non-binding case from Indiana that conflicts with Delaware case law to support their claim, *Eli Lilly and Co. v. Mayne Pharma (USA), Inc.*, 504 F. Supp. 2d 387, 394 (S.D. Ind. 2007). In any event, the court's conclusion that indirect sales should be considered in *Eli Lilly* was based on the fact that the Defendant in that case "clearly intended" such sales "by actively encouraging them through targeted marketing efforts within Indiana." *Id.* at 394 (defendants made 162 in-person sales calls in Indiana per year). There was no such active targeted marketing efforts by Apotex Corp. in Delaware in this case. Moreover, even if this Court were to take into consideration Apotex Corp.'s indirect sales along with its direct sales, this would not be enough to establish general jurisdiction ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. A-6, attached.

particular defendant has conducted substantial business within a state. *See Merck, Zeneca,* and *Glaxo Wellcome.*

Even considering the dollar amount of Apotex Corp.'s sales as opposed to the percentage of its total sales, this would not be enough to subject Apotex Inc. to general jurisdiction ███

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████ In other cases, much higher or comparable sales were considered insufficient to establish jurisdiction. See *Zeneca,* 1997 U.S. Dist. LEXIS 12377, at *16 (Mylan's sales of $5 million in less than two years was insufficient); *Glaxo Wellcome,* 1997 U.S. Dist. LEXIS 23930, at *6 (sales for a period of just over two years were $5.475 million insufficient to establish general jurisdiction); and *Merck,* 179 F. Supp. 2d at 372 (Barr directly sold over $404,000 in 1999 and nearly $586,000 in 2000, but this was insufficient to establish general jurisdiction).

Even in the cases relied on by Plaintiffs to support its argument on this point, the defendants who were found subject to general jurisdiction had higher sales than Apotex Corp. had here, or had more significant contacts with the forum state. *See LSI Indus. Inc. v. Hubbell Lighting, Inc.,* 232 F.3d 1369, 1375 (Fed. Cir. 2000) (defendant had multiple distributors in the forum and netted several millions of dollars per year from sales in the forum state); *Hill v. Equitable Trust Co.,* 562 F. Supp. 1324, 1330-31 (D. Del. 1983) (defendant bank had "persistent, regular, and continuous" activities in Delaware in that it maintained banking relationship with several Delaware banks; engaged in various loan participations in Delaware; had likely made loans to Delaware residents; and had interests in Delaware property); *Eli Lilly and Co. v. Mayne Pharma (USA) Inc.,* 504 F. Supp. 2d 387, 394 (S.D. Ind. 2007) ($5.6 million in sales over four

years, plus "regular and consistent contacts with Indiana customers" which amounted to approximately 162 in-person sales calls each year "and significant additional contact over the telephone, through faxes and by e-mail.").

    **2.**  ***Apotex Corp.'s Minimal Sales Calls In Delaware Do Not Confer Jurisdiction***

  Plaintiffs also rely on the fact that an Apotex Corp. sales representative made three trips to a Delaware customer over a five-year period. This is also not enough to establish general jurisdiction. In *Merck*, the Defendant's National Account Manager visited a Delaware customer three times *per year* (i.e. over three times the number of sales calls made by Apotex Inc. here) but this was still insufficient to confer personal jurisdiction. 179 F. Supp. 2d at 370-371. Also, the sales calls ceased entirely the year before the Complaint was filed.

    **3.**  ***Apotex Corp.'s Status As An ANDA Agent Does Not Confer Jurisdiction***

  The fact that Apotex Corp. was Apotex Inc.'s U.S. agent for purposes of the ANDA filed with the FDA also has no bearing on the question of general jurisdiction, because no actions relating to the ANDA took place in Delaware, other than the fact that it was mailed to Plaintiff AstraZeneca LP in Delaware. This is not enough to confer general jurisdiction. *See Glaxo Inc. v. Genpharm Pharms., Inc.*, 796 F. Supp. 872, 876 (E.D.N.C. 1992) (mailing of Paragraph IV notice to plaintiff in forum state was insufficient to support personal jurisdiction. "Mailing a statutorily-required notice is not akin to soliciting business, introducing products into the forum, or signing and performing a contract within the forum.").

    **4.**  ***Apotex Corp.'s Status As A Delaware Corporation Does Not Confer Jurisdiction***

  The fact that Apotex Corp. is incorporated in Delaware does not subject Apotex Inc. to this Court's general jurisdiction. Where, as here, corporate boundaries have been maintained and

there is no evidence to support piercing the corporate veil, Apotex Corp.'s status as a Delaware corporation may not be imputed to Apotex Inc. *Applied Biosystems*, 772 F. Supp. at 1464. *See also Mylan v. Kremers*, 2003 U.S. Dist. LEXIS 5728  (fact that U.S. subsidiaries were Delaware Corporations was insufficient to confer general jurisdiction on the related German entities); and *Monsanto*, 2006 U.S. Dist. LEXIS 54534, at *28 ("The act of incorporating a subsidiary in Delaware is not enough to confer general jurisdiction in this instance because it does not appear that [the Swiss corporations] have engaged in a pattern of corporate dealings under Delaware law.").

### 5.    *AstraZeneca LP's Status As A Delaware Corporation Does Not Confer Jurisdiction*

Finally, Plaintiffs contend that jurisdiction is proper because Delaware has a "strong preference" in affording its citizens a judicial forum. (Plaintiffs' Response p. 20.)  However, the authorities cited by Plaintiffs to support this argument were addressing the issue of *forum non conveniens*—not personal jurisdiction. *See Wright v. American Home Prods. Corp.*, 768 A.2d 518, 536, 539 (Del. Super. Ct. 2000) (discussing preference in favor of its citizens under the heading "*Forum Non Conveniens*,"); and *Merck*, 179 F. Supp. 2d at 375 (court decided to transfer case to New York  because, among other things, the case did not involve a Delaware plaintiff).  Accordingly, the fact that plaintiff AstraZeneca L.P. is a Delaware Corporation has no bearing on the question of general jurisdiction and Plaintiffs' argument on this point should be disregarded as well.

As shown by the foregoing, there is insufficient evidence that Apotex Corp. had the continuous or substantial contacts with Delaware required under Section 3104(c)(4), so even if an agency relationship did exist between Apotex Inc. and Apotex Corp., this does not support a finding of general jurisdiction.

### III.  DUE PROCESS IS NOT SATISFIED

Because Plaintiffs have not satisfied the requirements of the Delaware long-arm statute, the requirements of Due Process are not satisfied. *See Applied Biosystems*, 772 F. Supp. at 1470 (court "easily dispose[d]" of claim that due process was satisfied in connection with Scottish corporations where, under the Delaware long-arm statute, "the Scottish corporations have not even begun to develop the 'continuous and systematic' contacts within the state of Delaware."). Additionally, in *Merck*, this Court concluded, under similar facts, that the requirements of due process were not satisfied where the defendant had no employees, bank accounts, or real estate in Delaware; the total revenue derived from sales into Delaware was less than one percent of its total revenues; and an account manager visited Delaware three times a year but did not solicit new customers. 179 F. Supp. 2d at 375.  In short, the contacts were not continuous or systematic.  The same is true here.

### CONCLUSION

The stringent constitutional requirements for general jurisdiction are simply not present here.  As noted by this Court in *Merck*, cases of general jurisdiction are "extremely rare."  179 F. Supp. 2d at 375 n.2.  The Supreme Court itself has upheld general jurisdiction only once, and the lower courts have "evinced a reluctance to assert general jurisdiction over nonresident individual defendants or foreign corporations even when the contacts with the forum state are quote extensive."  16 *Moore's Federal Practice*, § 108.41[3] (Matthew Bender 3d ed.).This is simply not one of those "extremely rare" cases in which general jurisdiction is appropriate.  For the reasons stated herein and in its moving brief, Defendant Apotex Inc. respectfully requests that the Complaint against it be dismissed for lack of personal jurisdiction or, in the alternative, that

this case be transferred to the Middle District of Florida, where a related action between the

parties is pending.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By:  /s/ David E. Moore
     Richard L. Horwitz (#2246)
Robert B. Breisblatt
     David E. Moore (#3983)
Joanna R. Stevason
     Hercules Plaza, 6th Floor
Jeremy C. Daniel
     1313 N. Market Street
KATTEN MUCHIN ROSENMAN LLP
     Wilmington, DE  19899
525 West Monroe Street
     Tel:  (302) 984-6000
Chicago, IL 60661-3693
     rhorwitz@potteranderson.com
Tel:  (312) 902-5480
     dmoore@potteranderson.com

J. Aron Carnahan
*Attorneys for Defendants*
Laurie A. Haynie
WELSH & KATZ, LTD.
120 S. Riverside Plaza, 22nd Floor
Chicago, Illinois  60606
Tel:  (312) 655-1500

Dated:  May 5, 2008
Public Version Dated: May 12, 2008
863022 / 32546

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 12, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 12, 2008, the attached document was Electronically Mailed to the following person(s):

Mary W. Bourke
Kristen Healey Cramer
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19899
mbourke@cblh.com
kcramer@cblh.com

Ford F. Farabow
Finnegan, Henderson, Farabow, Garrett &
Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
ford.farabow@finnegan.com

Charlie E. Lipsey
York M. Faulkner
Kenneth M. Frankel
Finnegan, Henderson, Farabow, Garrett &
Dunner, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
charles.lipsey@finnegan.com
york.faulkner@finnegan.com
kenneth.frankel@finnegan.com

Henry J. Renk
Colleen Tracy
Dennis Gregory
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, NY 10112
hrenk@fchs.com
ctracy@fchs.com
dgregory@fchs.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

843476 / 32546

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ASTRAZENECA PHARMACEUTICALS LP,
ASTRAZENECA UK LIMITED, IPR
PHARMACEUTICALS, INC., and
SHIONOGI SEIYAKU KABUSHIKI
KAISHA,

                  Plaintiffs,

      v.

APOTEX INC., and

APOTEX CORP.,

                Defendants.

Civil Action No.: 07-809 JJF-LPS

## DECLARATION OF LAURIE A. HAYNIE

**LAURIE A. HAYNIE**, of full age, hereby declares as follows:

1.      I am an attorney with the law firm of Welsh & Katz, Ltd. in Chicago, Illinois, and one of the counsel for Defendants Apotex Inc. and Apotex Corp.

2.      I make this Declaration based on my personal knowledge and the inspection of documents attached hereto.

3.      A true and correct copy of the Docket Sheet from *Charles v. Mylan Labs., Inc.* in the U.S. District Court for the Northern District of Illinois in C.A. No. 1:97-cv-5052 is attached hereto as Exhibit 1.

4.      A true and correct copy of the Docket Sheet from *Abbott Labs v. Mylan Pharmaceuticals, Inc.* in the U.S. District Court for the Northern District of Illinois in C.A. No. 1:97-cv-5450 is attached hereto as Exhibit 2.

5.    A true and correct copy of the Docket Sheet from *Abbott Lab. v. Mylan Pharmaecuticals, Inc.* in the U.S. District Court for the Northern District of Illinois in C.A. No. 1:98-cv-1280 is attached hereto as Exhibit 3.

6.    A true and correct copy of the Docket Sheet from *Walgreen Co. v. Mylan Pharmaceuticals, Inc.* in the U.S. District Court for the Northern District of Illinois in C.A. No. 1:05-cv-5411 is attached hereto as Exhibit 4.

7.    A true and correct copy of a printout with search results from a Lexis-Nexis search for patent litigations with Mylan Pharmaceuticals Inc. as a party since 2000 is attached hereto as Exhibit 5.

8.    A true and correct copy of pages produced by Apotex Corp. in this litigation is attached hereto as Exhibit 6 (designated Highly Confidential by Apotex Corp.).

Pursuant to 28 U.S.C. § 1746(2), I hereby declare under penalty of perjury that the foregoing statements are true and correct.

Executed on:  May 5, 2008.

LAURIE A. HAYNIE

2

# Exhibit A-1

LEVIN, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:97-cv-05052

Charles v. Mylan Labs Inc, et al
Assigned to: Honorable Paul E. Plunkett
Demand: $0
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 07/16/1997
Date Terminated: 10/09/1997
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Tina Charles**                          represented by  **Michael C. Kominiarek**
French, Kezelis & Kominiarek, P.C.
33 North Dearborn Street
Suite 1800
Chicago, IL 60602
(312) 782-0634
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel Richard Davis**
Equity Residential Properties Trust
Two North Riverside Plaza
Suite 450
Chicago, IL 60606-2639
(312) 474-1300

V.

**Defendant**

**Mylan Laboratories, Inc.**              represented by  **Kathryn Mrkonich Wilson**
*a foreign corporation*                                    Littler Mendelson P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2136
(612)313-7603
Email: kwilson@littler.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mylan Pharmaceuticals, Inc.**           represented by  **Kathryn Mrkonich Wilson**
*a foreign corporation*                                    (See above for address)
*ATTORNEY TO BE NOTICED*

h     ecf     c     g     cg   b

| Date Filed | # | Docket Text |
|---|---|---|
| 07/16/1997 | 1 | COMPLAINT; jury demand - Civil cover sheet - Appearance(s) of Joel Richard Davis, Michael C. Kominiarek as attorney(s) for plaintiff Tina Charles ( No summons(es) issued.) ( Documents: 1-1 through 1-3) (meg) (Entered: 07/17/1997) |
| 07/16/1997 | | RECEIPT regarding payment of filing fee paid; on 7/16/97 in the amount of $ 150.00, receipt # 496685. (meg) (Entered: 07/17/1997) |
| 07/18/1997 | | SUMMONS issued as to Mylan Labs Inc, Mylan Phar Inc (mak) (Entered: 07/23/1997) |
| 08/18/1997 | 2 | AGREED MOTION by defendants for extension of time to respond to complaint (yap) (Entered: 09/04/1997) |
| 08/29/1997 | 3 | MINUTE ORDER of 8/29/97 by Hon. Paul E. Plunkett: Defendants' agreed motion for extension of time to respond to the complaint, to and including 9/8/97 [2-1] is granted. Telephoned notice (yap) (Entered: 09/04/1997) |
| 09/08/1997 | 4 | ANSWER to complaint and affirmative defenses by defendant; Notice of filing (fce) Modified on 09/12/1997 (Entered: 09/11/1997) |
| 10/09/1997 | 5 | MINUTE ORDER of 10/9/97 by Hon. Paul E. Plunkett : All matters in controversy having been settled, the above-entitled cause of action is hereby dismissed with prejudice. terminating case Mailed notice (mak) (Entered: 10/10/1997) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/23/2008 16:10:00 | | |
| PACER Login: | wk0033 | Client Code: | 8898 |
| Description: | Docket Report | Search Criteria: | 1:97-cv-05052 |
| Billable Pages: | 1 | Cost: | 0.08 |

h      ecf      c      g      cg  b

# Exhibit A-2

AO279, PROTO, SCHENKIER, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:97-cv-05450

Abbott Labs v. Mylan Phar Inc
Assigned to: Honorable Elaine E. Bucklo
Demand: $0
Cause: 35:271 Patent Infringement

Date Filed: 08/01/1997
Date Terminated: 03/05/1999
Jury Demand: None
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Abbott Laboratories**
*an Illinois corporation*

represented by **Daniel E. Reidy**
Jones Day
77 West Wacker Drive
Suite 3500
Chicago, IL 60601-1692
(312)782-3939
Email: dereidy@jonesday.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James A. White**
Jones, Day, Reavis & Pogue
225 West Washington Street
Suite 2600
Chicago, IL 60606
(312) 782-3939
Email: jawhite@jonesday.com
*ATTORNEY TO BE NOTICED*

**Kenneth David Greisman**
Abbott Laboratories
One Abbott Park Road
Abbott Park, IL 60064
(708) 937-6100
*ATTORNEY TO BE NOTICED*

**Tina M. Tabacchi**
Jones Day
77 West Wacker Drive
Suite 3500
Chicago, IL 60601-1692
(312)782-3939
Email: tmtabacchi@jonesday.com

h      ecf      c      g      cg  b

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Mylan Pharmaceuticals, Inc.**
*a West Virginia corporation*

represented by **Bradford P. Lyerla**
Marshall, Gerstein & Borun
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606-6357
(312) 474-9556
Fax: 312-474-0448
Email: blyerla@marshallip.com
*TERMINATED: 04/02/1998*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Allen Jacobson**
Jenner & Block LLP
330 North Wabash
Chicago, IL 60611
(312)222-9350
Email:
ajacobson@thejacobsonfirm.com
*ATTORNEY TO BE NOTICED*

**Bart G Newland**
Rothwell, Figg, Ernst & Kurz
555 Thirteenth Street, Northwest
Washington, DC 20004
(202) 783-6040

**Bart G. Newland**
Bernard, Rothwell and Brown
1700 K Street, N.W.
Washington, DC 20006
*ATTORNEY TO BE NOTICED*

**Chester Thomas Kamin**
Jenner & Block
One IBM Plaza
Suite 4400
Chicago, IL 60611
(312) 222-9350

**Darryl Mark Bradford**
Jenner & Block
One IBM Plaza
Suite 4400
Chicago, IL 60611

(312) 222-9350

**E Anthony Figg**
Rothwell, Figg, Ernst & Kurz
555 Thirteenth Street, Northwest
Washington, DC 20004
(202) 783-6040
*ATTORNEY TO BE NOTICED*

**Elizabeth A. Leff**
Rothwell, Figg, Ernst & Kurz, PC
555 13th Street NW
Washington, DC 20004
(202)783-6040

**Minaksi Bhatt**
Rothwell, Figg, Ernst & Kurz
555 Thirteenth Street, Northwest
Washington, DC 20004
(202) 783-6040

**Counter Claimant**

**Mylan Pharmaceuticals, Inc.**          represented by  **Bradford P. Lyerla**
(See above for address)
*TERMINATED: 04/02/1998*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bart G. Newland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Chester Thomas Kamin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth A. Leff**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Abbott Laboratories**          represented by  **Daniel E. Reidy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James A. White**
(See above for address)

h      ecf      c      g      cg  b

*ATTORNEY TO BE NOTICED*

**Kenneth David Greisman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tina M. Tabacchi**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/01/1997 | 1 | COMPLAINT - Civil cover sheet - Appearance(s) of Tina M. Tabacchi, James A. White, Daniel E. Reidy, Kenneth D. Greisman as attorney(s) plaintiff ( original and 1 copy summons(es) issued.) ( Documents: 1-1 through 1-3) (rmm) Modified on 08/04/1997 (Entered: 08/04/1997) |
| 08/01/1997 | | RECEIPT regarding payment of filing fee paid; on 8/1/97 in the amount of $ 150.00, receipt # 497478. (rmm) (Entered: 08/04/1997) |
| 08/01/1997 | 2 | NOTICE of claim involving patent by plaintiff (rmm) (Entered: 08/04/1997) |
| 08/06/1997 | | MAILED trademark report to Washington, D.C. (rmm) (Entered: 08/06/1997) |
| 08/19/1997 | 3 | RETURN OF SERVICE of summons and complaint executed upon defendant Mylan Phar Inc on 8/19/97 (Attachments) (rmm) (Entered: 08/20/1997) |
| 08/22/1997 | 4 | ATTORNEY APPEARANCE for defendant by Bradford P. Lyerla, Chester Thomas Kamin (yap) (Entered: 08/26/1997) |
| 08/22/1997 | 5 | ANSWER to complaint for patent infringment [1-1] and COUNTERCLAIM by defendant against plaintiff Abbott Labs; Notice of filing (yap) (Entered: 08/26/1997) |
| 09/10/1997 | 6 | MOTION by Abbott Labs to dismiss defendant's second and third counterclaims ; Notice of motion (rmm) (Entered: 09/22/1997) |
| 09/19/1997 | 7 | MINUTE ORDER of 9/19/97 by Hon. Elaine E. Bucklo : By agreement of the parties, plaintiff's motion to dismiss defendant's second and third counterclaims is denied and defendant is given leave to replead those counts [6-1]. Initial pretrial conference set for 1:30 p.m. 10/24/97. The scheduling order and discovery plan to be returned to chambers by 10/22/97. Mailed notice (rmm) (Entered: 09/22/1997) |
| 09/22/1997 | 8 | DISCLOSURE by defendant Mylan Phar Inc pursuant to Fed.R.Civ.P.26 (A)(1) (rmm) (Entered: 09/23/1997) |
| 09/22/1997 | 9 | NOTICE by defendant Mylan Phar Inc regarding disclosure [8-1] (rmm) (Entered: 09/23/1997) |

| 09/24/1997 | 10 | APPLICATION for leave to appear pro hac vice by Bart G. Newland for Mylan Phar Inc ; Order entered granting leave by Hon. Elaine E. Bucklo (rmm) Modified on 09/25/1997 (Entered: 09/25/1997) |
| 09/24/1997 | 11 | APPLICATION for leave to appear pro hac vice by E. Anthony Figg for Mylan Phar Inc; Order entered granting leave by Hon. Elaine E. Bucklo (rmm) (Entered: 09/25/1997) |
| 09/24/1997 | 12 | APPLICATION for leave to appear pro hac vice by Minaksi Bhatt for Mylan Phar Inc; Order entered granting leave by Hon. Elaine E. Bucklo (rmm) (Entered: 09/25/1997) |
| 09/26/1997 | 13 | ANSWER to complaint for patent infringement with amended counterclaims by defendant; Notice of filing (rmm) (Entered: 10/01/1997) |
| 09/26/1997 | 13 | AMENDED COUNTERCLAIM [5-2] with answer to complaint for patent infringement by defendant; Notice of filing (rmm) (Entered: 10/01/1997) |
| 10/07/1997 | 14 | APPLICATION for leave to appear pro hac vice by Joseph A. Hynds for Mylan Phar Inc; Order entered granting leave by Hon. Elaine E. Bucklo (rmm) (Entered: 10/08/1997) |
| 10/10/1997 | 15 | RESPONSE TO AMENDED COUNTERCLAIMS of Myland Pharmaceuticals [13-1] by Abbott Labs (rmm) (Entered: 10/15/1997) |
| 10/17/1997 |  | SCHEDULE set on 10/17/97 by Hon. Elaine E. Bucklo : Initial Pretrial conference reset at parties' request to 1:30 p.m. on 11/7/97. Parties have until 11/3/97 to submit the scheduling order. mailed notice (mpj) (Entered: 10/17/1997) |
| 11/07/1997 | 16 | SCHEDULING ORDER and discovery plan (rmm) (Entered: 11/12/1997) |
| 11/10/1997 | 17 | MINUTE ORDER of 11/10/97 by Hon. Elaine E. Bucklo : Initial pretrial conference held on 11/7/97. , Discovery is ordered closed on 9/1/98. Dispositive mosions and final pretrial order will be due by 10/1/98. Response to any motions in limine will be due by 10/15/98. Final pretrial conference set for 12/10/98 at 5:00 p.m. Mailed notice (rmm) (Entered: 11/12/1997) |
| 12/30/1997 | 18 | MOTION by Mylan Phar Inc for entry of a protective order (Attachment); Notice of motion (rmm) (Entered: 01/16/1998) |
| 01/08/1998 | 19 | AGREED PROTECTIVE ORDER (rmm) (Entered: 01/16/1998) |
| 01/15/1998 | 20 | MINUTE ORDER of 1/15/98 by Hon. Elaine E. Bucklo : Defendant's agreed motion for entry of a protective order [18-1] is granted as follows: I have approved a protective order submitted by the parties. However, approval is with the following qualification: Any material designated as confidential in any court filing must contain trade secrets or confidential proprietary information. If this court concludes that the designation of confidential (which imposes extra work on all court officials including |

| | | |
|---|---|---|
| | | the Clerk's office) is being abused, it will vacate the protective order as to the party found to be abusing the designation. Mailed notice (rmm) (Entered: 01/16/1998) |
| 03/31/1998 | 21 | MINUTE ORDER of 3/31/98 by Hon. Elaine E. Bucklo : Andrew A. Jacobson and Darryl M. Bradford are given leave to file their appearances as additional counsel for Mylan Pharmaceuticals, Inc. No notice (rmm) (Entered: 04/01/1998) |
| 03/31/1998 | 22 | ATTORNEY APPEARANCE for defendant by Andrew Allen Jacobson, Darryl Mark Bradford (rmm) (Entered: 04/01/1998) |
| 04/02/1998 | 23 | MOTION by defendant for leave to withdraw appearance of Bradford P. Lyerla ; Notice of motion (rmm) (Entered: 04/03/1998) |
| 04/02/1998 | 24 | MINUTE ORDER of 4/2/98 by Hon. Elaine E. Bucklo : The motion for leave to withdraw appearance of Bradford P. Lyerla is granted [23-1]. Accordingly, Bradford P. Lyerla is given leave to withdraw his appearance as local counsel for defendant. Mailed notice (rmm) (Entered: 04/03/1998) |
| 04/21/1998 | 25 | JOINT MOTION by plaintiff and defendant to reassign case and consolidate related cases (Exhibit); Notice of motion (rmm) (Entered: 05/06/1998) |
| 05/05/1998 | 26 | MINUTE ORDER of 5/5/98 by Hon. Elaine E. Bucklo : Parties' joint motion to reassign [25-1] and consolidate related case is granted [25-2]. Accordingly, case number 98 C 1280 is to be reassiged as related to the above-captioned case. Mailed notice (rmm) (Entered: 05/06/1998) |
| 05/08/1998 | 27 | JOINT MOTION by plaintiff and defendant to amend scheduling order to amend discovery plan (Exhibit); Notice of motion (rmm) (Entered: 05/15/1998) |
| 05/14/1998 | 28 | MINUTE ORDER of 5/14/98 by Hon. Elaine E. Bucklo : Parties joint motion to amend scheduling order [27-1], [27-2] is granted. Accordingly designation of experts is extended to 9/1/98 and that of rebutal experts to 10/1/98. Discovery is extended to 12/1/98. Dispositive motions and pretrial order will be due by 1/22/99. Response to any motions in limine will be due by 2/5/99. Final pretrial conference set for 12/10/98 is stricken; and reset for 3/5/99 at 10:30 a.m. Mailed notice (rmm) (Entered: 05/15/1998) |
| 06/29/1998 | 29 | APPLICATION for leave to appear pro hac vice by Elizabeth A. Leff for Mylan Phar Inc; Order entered granting leave by Hon. Elaine E. Bucklo (rmm) (Entered: 06/30/1998) |
| 07/07/1998 | 30 | AGREED MOTION by Mylan Phar Inc for entry of a third party protective order (Exhibits); Notice of motion (rmm) (Entered: 07/17/1998) |
| 07/16/1998 | 31 | AGREED THIRD PARTY PROTECTIVE ORDER (rmm) (Entered: 07/17/1998) |
| | | |

h    ecf    c    g    cg b

| | | |
|---|---|---|
| 07/16/1998 | 32 | MINUTE ORDER of 7/16/98 by Hon. Elaine E. Bucklo : Defendnat's agreed motion for entry of a third party protective order is granted [30-1]. Enter agreed third party protective order. Mailed notice (rmm) (Entered: 07/17/1998) |
| 09/04/1998 | 33 | MOTION by defendant Mylan Phar Inc to stay discovery , and suspend case deadlines ; Notice of motion (rmm) Modified on 09/17/1998 (Entered: 09/17/1998) |
| 09/04/1998 | 34 | MOTION by defendant Mylan Phar Inc for summary judgment of invalidity and unenforceability of the '207 patent Notice of motion (rmm) Modified on 09/17/1998 (Entered: 09/17/1998) |
| 09/04/1998 | 35 | BRIEF by Mylan Phar Inc in support of its motion for summary judgment of invalidity [34-1], and unenforceability of the '207 patent [34-2] (Attachments); Notice of filing (rmm) (Entered: 09/17/1998) |
| 09/04/1998 | 36 | STATEMENT of material facts as to which there is no genuine issue by defendant (Attachments); Notice of filing (rmm) (Entered: 09/17/1998) |
| 09/16/1998 | 37 | MINUTE ORDER of 9/16/98 by Hon. Elaine E. Bucklo : Defendant's unopposed motion to stay discovery [33-1] and suspend case deadlines in the scheduling order and discovery plan pending a ruling on defendant's motion for summary judgment of invalidity and unforceability of the 207 patent is granted [33-2]. Response to defendant's motion for summary judgment of invalidity [34-1] and unenforceability of the '207 patent [34-2] is due by 10/7/98; and reply by 10/21/98. Ruling set for 1/8/99 at 9:30 a.m. on motion for summary judgment of invalidity [34-1] and unenforceability of the '207 patent [34-2]. Mailed notice (rmm) (Entered: 09/17/1998) |
| 10/07/1998 | 38 | RESPONSE by plaintiff to defendant's motion for summary judgment of invalidity [34-1] and unenforceability of the '207 patent [34-2]; Notice of filing (yap) (Entered: 10/08/1998) |
| 10/07/1998 | 39 | RESPONSE by plaintiff to defendant's statement of material facts as to which there is no genuine issue (Exhibits) (yap) (Entered: 10/08/1998) |
| 10/21/1998 | 40 | REPLY brief by Mylan Phar Inc in support of its motion for summary judgment of claim invalidity [34-1] (Attachments); Notice of filing (rmm) (Entered: 10/22/1998) |
| 10/21/1998 | 41 | RESPONSE by Mylan Phar Inc to plaintiff's statement of additional material facts; Notice of filing (rmm) (Entered: 10/22/1998) |
| 01/13/1999 | 42 | MINUTE ORDER of 1/13/99 by Hon. Elaine E. Bucklo : Ruling on the pending motion for summary judgment [34-1] set for 1/8/99 was stricken; and reset for 10:00 a.m. 1/29/99. Mailed notice (rmm) (Entered: 01/14/1999) |
| 02/01/1999 | 43 | MINUTE ORDER of 2/1/99 by Hon. Elaine E. Bucklo : Ruling on the pending motion for summary judgment of invalidity set for 1/29/99 was vacated [34-1]. Ruling to be made by mail. Mailed notice (rmm) (Entered: 02/02/1999) |

| 03/04/1999 | 44 | MEMORANDUM, OPINION, AND ORDER (Attachment) (rmm) (Entered: 03/08/1999) |
| 03/05/1999 | 45 | MINUTE ORDER of 3/5/99 by Hon. Elaine E. Bucklo : Pursuant to the Court's memorandum opinion and order, Mylan Pharmaceuticals, Inc.'s motion for summary judgment of invalidity is granted [34-1]. The plaintiff Abbott Laboratories is collaterally estopped from asserting the validity of claim 4 of the '207 patent. The Clerk of the Court is directed to enter judgment. Case dismissed. terminating case Mailed notice (rmm) (Entered: 03/08/1999) |
| 03/05/1999 | 46 | ENTERED JUDGMENT (rmm) (Entered: 03/08/1999) |
| 03/08/1999 |  | MAILED patent report to Washington, D.C. (rmm) (Entered: 03/08/1999) |
| 03/18/1999 | 47 | NOTICE OF APPEAL by plaintiff from judgment entered [46-1], from motion minute order [45-2], from order [44-1] (Attachments) ( $105.00 Paid) (fce) (Entered: 03/19/1999) |
| 03/19/1999 |  | TRANSMITTED to the Federal Circuit the short record on appeal . Mailed notice to all counsel. (fce) (Entered: 03/19/1999) |
| 11/05/1999 | 49 | CERTIFIED COPY of order from the Federal Circuit: Affirming the decision of the District Court [47-1] . ( 99-1325) (las) (Entered: 11/08/1999) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 04/23/2008 16:10:58 | | |
| **PACER Login:** | wk0033 | **Client Code:** | 8898 |
| **Description:** | Docket Report | **Search Criteria:** | 1:97-cv-05450 |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

h    ecf    c    g    cg b

# Exhibit A-3

LEVIN, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:98-cv-01280

Abbott Lab v. Mylan Phar Inc                          Date Filed: 03/02/1998
Assigned to: Honorable Elaine E. Bucklo              Date Terminated: 03/05/1999
Demand: $0                                            Jury Demand: None
Cause: 35:271 Patent Infringement                     Nature of Suit: 830 Patent
                                                      Jurisdiction: Federal Question

**Plaintiff**

**Abbott Laboratories**                 represented by   **John Daniel Kiser**
*an Illinois corporation*                               Fox, Bennett & Turner
                                                        750 17th Street, N.W.
                                                        Suite 1100
                                                        Washington, DC 20006
                                                        (202)778-2300
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Daniel E. Reidy**
                                                        Jones Day
                                                        77 West Wacker Drive
                                                        Suite 3500
                                                        Chicago, IL 60601-1692
                                                        (312)782-3939
                                                        Email: dereidy@jonesday.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        **James A. White**
                                                        Jones, Day, Reavis & Pogue
                                                        225 West Washington Street
                                                        Suite 2600
                                                        Chicago, IL 60606
                                                        (312) 782-3939
                                                        Email: jawhite@jonesday.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kenneth David Greisman**
                                                        Abbott Laboratories
                                                        One Abbott Park Road
                                                        Abbott Park, IL 60064
                                                        (708) 937-6100
                                                        *ATTORNEY TO BE NOTICED*

h       ecf      c      g     cg  b

**Matthew D. Peterson**
Fox, Bennett & Turner
750 17th Street, N.W.
Suite 1100
Washington, DC 20006
(202)778-2300

**Terry S. Coleman**
Fox, Bennett & Turner
750 17th Street, N.W.
Suite 1100
Washington, DC 20006
(202)778-2300

**Tina M. Tabacchi**
Jones Day
77 West Wacker Drive
Suite 3500
Chicago, IL 60601-1692
(312)782-3939
Email: tmtabacchi@jonesday.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Mylan Pharmaceuticals, Inc.**          represented by **Andrew Allen Jacobson**
*a West Virginia corporation*                           Jenner & Block LLP
                                                        330 North Wabash
                                                        Chicago, IL 60611
                                                        (312)222-9350
                                                        Email:
                                                        ajacobson@thejacobsonfirm.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Chester Thomas Kamin**
                                                        Jenner & Block
                                                        One IBM Plaza
                                                        Suite 4400
                                                        Chicago, IL 60611
                                                        (312) 222-9350

                                                        **Darryl Mark Bradford**
                                                        Jenner & Block
                                                        One IBM Plaza
                                                        Suite 4400
                                                        Chicago, IL 60611
                                                        (312) 222-9350

h     ecf     c     g     cg  b

**Counter Claimant**

**Mylan Pharmaceuticals, Inc.**                 represented by **Darryl Mark Bradford**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*


V.

**Counter Defendant**

**Abbott Laboratories**                         represented by **John Daniel Kiser**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Daniel E. Reidy**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

                                                **James A. White**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

                                                **Kenneth David Greisman**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

                                                **Matthew D. Peterson**
                                                (See above for address)

                                                **Terry S. Coleman**
                                                (See above for address)

                                                **Tina M. Tabacchi**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/02/1998 | 1 | COMPLAINT - Civil cover sheet - Appearance(s) of Kenneth David Greisman, Tina M. Tabacchi, James A. White, Daniel E. Reidy, Matthew D. Peterson, Terry S. Coleman, J. Daniel Kiser as attorney(s) for plaintiff ( 1 summons(es) issued.) ( Documents: 1-1 through 1-3) (fce) (Entered: 03/05/1998) |
| 03/02/1998 |  | RECEIPT regarding payment of filing fee paid; on 3/2/98 in the amount of $ 150.00, receipt #508514. (fce) Modified on 03/05/1998 (Entered: 03/05/1998) |
| 03/25/1998 | 2 | ANSWER to complaint for patent infringement [1-1] and COUNTERCLAIM by defendant against plaintiff; Notice of filing. (vmj) |

| | | |
|---|---|---|
| | | (Entered: 03/26/1998) |
| 03/25/1998 | 3 | ATTORNEY APPEARANCE for defendant by Andrew Allen Jacobson, Chester Thomas Kamin, Darryl Mark Bradford. (vmj) (Entered: 03/26/1998) |
| 03/27/1998 | | SCHEDULE set on 3/27/98 by Hon. James H. Alesia : Status hearing set to 9:30 4/20/98 . Mailed notice (clw) (Entered: 03/27/1998) |
| 04/10/1998 | 4 | RETURN OF SERVICE of summons executed upon defendant Mylan Phar Inc on 3/26/98. (vmj) (Entered: 04/14/1998) |
| 04/14/1998 | | SCHEDULE set on 4/14/98 by Hon. James H. Alesia : Status hearing reset to 9:30 4/22/98 . Mailed notice (clw) (Entered: 04/14/1998) |
| 04/14/1998 | 5 | RESPONSE to Mylan Pharmaceutical COUNTERCLAIMS [2-2] by counter-defendant Abbott Lab. (vmj) (Entered: 04/16/1998) |
| 04/23/1998 | | SCHEDULE set on 4/23/98 by Hon. James H. Alesia : Status hearing reset to 9:30 5/21/98 . Mailed notice (clw) (Entered: 04/23/1998) |
| 05/06/1998 | | SCHEDULE set on 5/6/98 by Hon. James H. Alesia : Status hearing set for 5/21/98 is stricken. Mailed notice (clw) (Entered: 05/06/1998) |
| 05/08/1998 | | JOINT MOTION to amend scheduling order and discovery plan (Exhibit); Notice of motion. (Filed in 97 C 5450) (vmj) (Entered: 05/15/1998) |
| 05/14/1998 | 6 | MINUTE ORDER of 5/14/98 by Hon. Elaine E. Bucklo: Parties' joint motion to amend scheduling order and discovery plan is granted [0-1]. Accordingly, designation of experts is extended to 9/1/98 and that of rebuttal experts to 10/1/98. Discovery is extended to 12/1/98. Dispositive motions and pretrial order will be due by 1/22/99. Response to any motions in limine will be due by 2/5/99. Final pretrial conference set for 12/10/98 is stricken; and reset for 3/5/99 at 10:30 a.m. Mailed notice (vmj) (Entered: 05/15/1998) |
| 09/04/1998 | | UNOPPOSED MOTION by defendant Mylan Phar Inc to stay discovery and suspend case deadlines ; Notice of motion. (Filed in case # 97 C 5450) (vmj) (Entered: 09/17/1998) |
| 09/04/1998 | | MOTION by defendant Mylan Phar Inc for summary judgment of invalidity and unenforceability of the '207 patent ; Notice of motion. (Filed in case # 97 C 5450) (vmj) (Entered: 09/17/1998) |
| 09/04/1998 | | BRIEF by defendant Mylan Phar Inc in support of its motion for summary judgment of invalidity and unenforceability of the '207 patent [0-1] (Attachments); Notice of filing. (Filed in case #97 C 5450) (vmj) (Entered: 09/17/1998) |
| 09/04/1998 | | STATEMENT of material facts as to which there is no genuine issue by defendant (Attachments); Notice of filing. (Filed in case # 97 C 5450) (vmj) (Entered: 09/17/1998) |
| 09/16/1998 | 7 | MINUTE ORDER of 9/16/98 by Hon. Elaine E. Bucklo: Defendant's |

| | | |
|---|---|---|
| | | unopposed motion to stay discovery and suspend case deadlines [0-1,0-2] in the scheduling order and discovery plan pending a ruling on defendant's motion for summary judgment of invalidity and unenforceability of the 207 patent is granted. Response to defendant's motion for summary judgment [0-1] is due by 10/7/98; and any reply by 10/21/98. Ruling set for 1/8/99 at 9:30 a.m. Mailed notice (vmj) (Entered: 09/17/1998) |
| 10/07/1998 | | RESPONSE by Abbott Lab to defendant's brief in support of its motion for summary judgment of invalidity and unenforceability of the '207 patent [0-1]; Notice of filing. (Filed in 97 C 5450) (vmj) (Entered: 10/09/1998) |
| 10/07/1998 | | RESPONSE by Abbott Lab to defendant's statement of material facts as to which there is no genuine issue (Exhibits) (Filed in 97 C 5450) (vmj) (Entered: 10/09/1998) |
| 01/13/1999 | 8 | MINUTE ORDER of 1/13/99 by Hon. Elaine E. Bucklo: Ruling on the pending motion for summary judgment [0-1] set for 1/8/99 was stricken; and reset for 1/29/99 at 10:00 a.m. Mailed notice (vmj) (Entered: 01/14/1999) |
| 02/01/1999 | 9 | MINUTE ORDER of 2/1/99 by Hon. Elaine E. Bucklo: Ruling on the pending motion for summary judgment [0-1] set for 1/29/99 was vacated. Ruling to be made by mail. Mailed notice (vmj) (Entered: 02/02/1999) |
| 03/04/1999 | 10 | MEMORANDUM, OPINION, AND ORDER. (vmj) (Entered: 03/08/1999) |
| 03/05/1999 | 11 | MINUTE ORDER of 3/5/99 by Hon. Elaine E. Bucklo: Pursuant to the court's memorandum opinion and order, Mylan Pharmaceuticals, Inc.'s motion for summary judgment is granted [0-1]. The plaintiff Abbott Laboratories is collaterally estopped from asserting the validity of claim 4 of the '207 patent. The clerk of the court is directed to enter judgment. Case dismissed. terminating case Notices mailed by judge's staff (vmj) (Entered: 03/08/1999) |
| 03/05/1999 | 12 | ENTERED JUDGMENT. (vmj) (Entered: 03/08/1999) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/23/2008 16:12:13 | | | |
| PACER Login: | wk0033 | Client Code: | 8898 |
| Description: | Docket Report | Search Criteria: | 1:98-cv-01280 |
| Billable Pages: | 3 | Cost: | 0.24 |

h      ecf      c      g      cg b

# Exhibit A-4

CLOSED, DENLOW

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:05-cv-05411

| | |
|---|---|
| Walgreen Co. v. Mylan Pharmaceuticals, Inc. | Date Filed: 09/19/2005 |
| Assigned to: Honorable David H. Coar | Date Terminated: 08/03/2006 |
| Demand: $343,000 | Jury Demand: Defendant |
| Cause: 28:1332 Diversity-(Citizenship) | Nature of Suit: 190 Contract: Other |
| | Jurisdiction: Diversity |

**Plaintiff**

**Walgreen Co.**                    represented by    **Daniel S. Hefter**
Fox, Hefter, Swibel, Levin & Carroll
200 West Madison Street
Suite 3300
Chicago, IL 60606-3414
(312) 224-1200
Fax: 312/224-1202
Email: dhefter@fhslc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David B Singer**
Fox, Hefter, Swibel, Levin & Carroll,
LLP
200 West Madison Street
Suite 3000
Chicago, IL 60606
(312)224-1217
Email: dsinger@fhslc.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Mylan Pharmaceuticals, Inc.**              represented by    **Christopher Todd Sheean**
Wildman Harrold Allen & Dixon LLP
225 West Wacker Drive
Suite 3000
Chicago, IL 60606
(312) 201-2997
Email: Sheean@wildmanharrold.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

h      ecf      c      g      cg  b

**James Brian Vogts**
Wildman, Harrold, Allen & Dixon, LLP

225 West Wacker Drive
Suite 3000
Chicago, IL 60606-1229
(312) 201-2000
Email: vogts@wildmanharrold.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Clem C. Trischler**
Pietragallo, Basick & Cardan
One Oxford Center
38th Floor
Pittsburgh, PA 15219
(412) 263-2000
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/19/2005 | 1 | COMPLAINT filed by Walgreen Co.(td, ) (Entered: 09/20/2005) |
| 09/19/2005 | 2 | CIVIL Cover Sheet (td, ) (Entered: 09/20/2005) |
| 09/19/2005 | 3 | ATTORNEY Appearance by Plaintiff Walgreen Co. (td, ) (Entered: 09/20/2005) |
| 10/20/2005 | 5 | ATTORNEY Appearance for Defendant Mylan Pharmaceuticals, Inc. by Christopher Todd Sheean (Sheean, Christopher) (Entered: 10/20/2005) |
| 10/20/2005 | 6 | ATTORNEY Appearance for Defendant Mylan Pharmaceuticals, Inc. by James Brian Vogts (Vogts, James) (Entered: 10/20/2005) |
| 12/15/2005 | 7 | MINUTE entry before Judge David H. Coar : Rule 16(b) Scheduling Conference set for 02/10/06 at 10:00 AM. Report of Parties' Planning Conference pursuant to Rule 26(f) and Proposed Scheduling Order pursuant to Rule 16(b) to be filed in chambers. (Forms of Report of Planning Conference and Proposed Scheduling Order are available on the Court's web page or in chambers). (For further detail see order). Mailed notice (ar, ) (Entered: 12/19/2005) |
| 01/20/2006 | 8 | Corporate Disclosure Statement by Mylan Pharmaceuticals, Inc. (Vogts, James) (Entered: 01/20/2006) |
| 01/20/2006 | 9 | ANSWER to Complaint with Jury Demand by Mylan Pharmaceuticals, Inc.(Vogts, James) (Entered: 01/20/2006) |
| 01/20/2006 | 10 | MOTION by Defendant Mylan Pharmaceuticals, Inc. to dismiss *Counts I and II of the Complaint or, in the Alternative, To Transfer Venue* (Attachments: # 1 Exhibit A)(Vogts, James) (Entered: 01/20/2006) |

CM/ECF LIVE, Ver 3.1.3 - U.S. District Court, Northern Illinois    Page 3 of 5

| 01/20/2006 | 11 | MEMORANDUM by Mylan Pharmaceuticals, Inc. in Support of motion to dismiss 10 *Counts I and II of the Complaint or, in the Alternative, To Transfer Venue* (Vogts, James) (Entered: 01/20/2006) |
| 01/20/2006 | 12 | NOTICE of Motion by James Brian Vogts for presentment of motion to dismiss 10 before Honorable David H. Coar on 1/31/2006 at 09:00 AM. (Vogts, James) (Entered: 01/20/2006) |
| 01/30/2006 | 13 | MINUTE entry before Judge David H. Coar : Set deadlines as to motion to dismiss 10 : Responses due by 2/21/2006; Replies due by 3/7/2006. Motion to dismiss 10 is taken under advisement - ruling to issue by mail. Appearance on the notice motion date of 1/31/2006 is not required. (pm, ) (Entered: 01/30/2006) |
| 01/30/2006 | 14 | REPORT of Rule 26(f) Planning Meeting by Walgreen Co., Mylan Pharmaceuticals, Inc. (Attachments: # 1 Exhibit A - Proposed Scheduling Order)(Hefter, Daniel) (Entered: 01/30/2006) |
| 02/10/2006 | 16 | MINUTE entry before Judge David H. Coar :Rule 16(b) Scheduling Conference held on 2/10/2006. All disclosures required by Rule 26(a)(1) Shall be made on or before 2/10/2006. Any amendments to pleadings or actions to join other parties shall be filed on or before 3/10/2006. Discovery is ordered closed on 8/31/2006. The parties shall disclose expert testimony pursuant to Rule 26(a)(2) on or before 9/29/2006 as to the plaintiff; 10/31/2006 as to the defendant; plaintiff shall disclose its rebuttal experts by 11/30/2006. The parties may depose the other side's expert at any time prior to 10/31/2006 as to the defendant taking the plaintiff's experts' depositions and 11/30/2006 as to the plaintiff taking defendant's experts' depositions. The defendant shall take the depositions of the plaintiff's rebuttal experts by 12/31/2006. Dispositive motions with supporting memoranda due by 9/29/2006 (all motions are to be in accordance to and noticed for a date certain pursuant to Local Rule 5.3 (b)). Final Pretrial Order due by 1/31/2007. Final Pretrial Conference set for 2/10/2007 at 11:00 AM. Jury Trial set for 2/20/2007 at 10:00 AM. The parties are directed to review this Court's standing orders. Copies are available in chambers or through the Court's web page. (pm, ) (Entered: 02/16/2006) |
| 02/13/2006 | 15 | APPLICATION for Leave to Appear Pro Hac Vice on behalf of Mylan Pharmaceuticals, Inc. by Clem C. Trischler; Order entered granting leave by David H. Coar. Filing fee $50.00 paid, receipt number 1111209 (ar, ) (Entered: 02/16/2006) |
| 02/14/2006 | 18 | RESPONSE by Plaintiff Walgreen Co. to Mylan's motion to dismiss Counts I and II of the Complaint or, in the Alternative, To Transfer Venue (Exhibits); Notice 10 (ar, ) (Entered: 02/24/2006) |
| 02/14/2006 | 19 | MOTION by Plaintiff Walgreen Co. for leave to file amended and supplemental complaint (Exhibits). (ar, ) (Entered: 02/24/2006) |
| 02/14/2006 | 20 | NOTICE of Motion by Plaintiff Walgreen Co. for presentment of its motion for leave to file amended and supplemental complaint 19 before Honorable David H. Coar on 2/22/2006 at 09:00 AM. (ar, ) (Entered: |

h      ecf      c      g      cg b

|            |        |                                                                                                                                                                                                                                                                              |
|------------|--------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |        | 02/24/2006)                                                                                                                                                                                                                                                                  |
| 02/22/2006 | 17     | *Amended and Supplemental Complaint* AMENDED complaint by Walgreen Co. against Mylan Pharmaceuticals, Inc. (Attachments: # 1 # 2 # 3 # 4 # 5 # 6 # 7 # 8 # 9 # 10)(Hefter, Daniel) (Entered: 02/22/2006)                                                                      |
| 02/22/2006 | 21     | MINUTE entry before Judge David H. Coar : Motion hearing held on 02/22/06 19 . Plaintiff's motion for leave to file amended and supplemental complaint is granted and shall be filed by 02/27/06 19 . Mailed notice (ar, ) (Entered: 02/24/2006)                               |
| 03/06/2006 | 22     | MINUTE entry before Judge David H. Coar :The plaintiff having file amended/supplemental complaint, the Defendant's Motion to dismiss 10 is moot, Motions terminated: MOTION by Defendant Mylan Pharmaceuticals, Inc. to dismiss *Counts I and II of the Complaint or, in the Alternative, To Transfer Venue* 10 Mailed notice (pm, ) (Entered: 03/06/2006) |
| 03/14/2006 | 23     | ANSWER to amended complaint *Amended and Supplemental Complaint* by Mylan Pharmaceuticals, Inc. (Attachments: # 1 Certificate of Service) (Vogts, James) (Entered: 03/14/2006)                                                                                                 |
| 03/14/2006 | 24     | MOTION by Defendant Mylan Pharmaceuticals, Inc. to dismiss *Counts I, II, IV, V, VI, and VII of the Amended and Supplemental Complaint* (Attachments: # 1 Certificate of Service)(Vogts, James) (Entered: 03/14/2006)                                                          |
| 03/14/2006 | 25     | MEMORANDUM by Mylan Pharmaceuticals, Inc. in Support of motion to dismiss 24 *Counts I, II, IV, V, VI, and VII of the Amended and Supplemental Complaint* (Attachments: # 1 Exhibit 1# 2 Certificate of Service)(Vogts, James) (Entered: 03/14/2006)                            |
| 03/14/2006 | 26     | NOTICE of Motion by James Brian Vogts for presentment of motion to dismiss 24 before Honorable David H. Coar on 3/23/2006 at 09:00 AM. (Attachments: # 1 Certificate of Service)(Vogts, James) (Entered: 03/14/2006)                                                           |
| 03/23/2006 | 27     | MINUTE entry before Judge David H. Coar : Motion hearing held on 3/23/2006 regarding motion to dismiss 24 . Set deadlines as to motion to dismiss 24 : Responses due by 4/12/2006; Replies due by 4/27/2006. Motion to dismiss counts I, II, IV, V, VI and VII 24 is taken under advisement, ruling to issue by mail. (pm, ) (Entered: 03/29/2006) |
| 04/12/2006 | 28     | RESPONSE by Walgreen Co. to MOTION by Defendant Mylan Pharmaceuticals, Inc. to dismiss *Counts I, II, IV, V, VI, and VII of the Amended and Supplemental Complaint* 24 (Hefter, Daniel) (Entered: 04/12/2006)                                                                  |
| 04/27/2006 | 29     | REPLY by Defendant Mylan Pharmaceuticals, Inc. to response to motion 28 (Vogts, James) (Entered: 04/27/2006)                                                                                                                                                                  |
| 07/26/2006 | 30     | MOTION by Plaintiff Walgreen Co. to dismiss *Pursuant to Stipulation* (Hefter, Daniel) (Entered: 07/26/2006)                                                                                                                                                                  |
|            |        |                                                                                                                                                                                                                                                                              |

h       ecf       c       g       cg b

| 07/26/2006 | 31 | NOTICE of Motion by Daniel S. Hefter for presentment of motion to dismiss 30 before Honorable David H. Coar on 8/3/2006 at 09:00 AM. (Hefter, Daniel) (Entered: 07/26/2006) |
| 08/03/2006 | 32 | MINUTE entry before Judge David H. Coar :Motion hearing held on 8/3/2006 regarding # 30. Plaintiff's Motion 30 to Dismiss pursuant to stipulation is Granted. This action is dismissed with prejudice, with each party bearing its own costs. Civil case terminated. Mailed notice (pm, ) (Entered: 08/17/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/23/2008 16:14:23 | | | |
| PACER Login: | wk0033 | Client Code: | 8898 |
| Description: | Docket Report | Search Criteria: | 1:05-cv-05411 |
| Billable Pages: | 3 | Cost: | 0.24 |

h     ecf     c     g     cg b

# Exhibit A-5

# Mylan Pharmaceuticals Patent Litigation
## 1/1/2000 – Current: Search Result List

| Court | Docket Number | Description | Participant | Filed | Date Retrieved | Active or Closed | Identification |
|---|---|---|---|---|---|---|---|
| U.S. District - New Jersey | 2:07cv4918 | Novartis Corporation et al v. Mylan Laboratories Inc et al | Mylan Pharmaceuticals Inc | 10/11/2007 | 04/29/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New York Southern | 1:03cv8253 | Takeda Chemical, et al v. Mylan Laboratories, et al | Mylan Pharmaceuticals Inc | 10/17/2003 | 04/21/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New York Southern | 1:00cv4541 | Astrazeneca AB, et al v. Lek Pharmaceutical, et al | Mylan Pharmaceuticals Incorporated | 06/20/2000 | 05/05/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New York Southern | 1:00cv6749 | Astrazeneca AB, et al v. Mylan Laboratories, et al | Mylan Pharmaceuticals Incorporated | 09/08/2000 | 05/05/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New York Southern | 1:00cv7598 | Astrazeneca AB, et al v. Eon Labs | Mylan Pharmaceuticals Incorporated | 10/10/2000 | 05/05/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Delaware | 1:02cv1628 | Mylan Pharmaceutical, et al v. Kremers Urban, et al | Mylan Pharmaceuticals Inc | 11/13/2002 | 05/05/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Illinois Northern | 1:03cv5289 | Pfizer Inc v. Apotex Inc | Mylan Pharmaceuticals Inc Non Party | 07/30/2003 | 05/05/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New York Southern | 1:03cv6057 | Astrazeneca AB, et al v. Laboratorios Dr, et al | Mylan Pharmaceuticals Inc | 08/08/2003 | 05/05/2008 | Active | NOS: (830) Patent; Cause: Trademark Infringement (Lanham Act) |
| U.S. District - Delaware | 1:05cv700 | Boehringer Ingelheim International GMBH et al v. Barr Laboratories, Inc Et A | Mylan Pharmaceuticals Inc | 09/26/2005 | 05/05/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Delaware | 1:05cv356 | In Re: '318 Patent Infringement Litigation | Mylan Pharmaceuticals Inc | 06/03/2005 | 05/05/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Delaware | 1:07cv572 | Sanofi-Aventis et al v. Actavis South Atlantic LLC et al | Mylan Pharmaceuticals Inc | 09/21/2007 | 05/05/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District | 1:08cv52 | Forest | Mylan | 01/25/2008 | 05/05/2008 | Active | NOS: (830) |

Copyright © 2008 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| - Delaware | | Laboratories Inc et al v. Dr Reddy's Laboratories Inc Et A | Pharmaceuticals Inc | | | | Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 2:06cv3462 | Daiichi Sankyo Company, Limited et al v. Mylan Pharmaceuticals, Inc Et A | Mylan Pharmaceuticals Inc | 07/31/2006 | 05/05/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Pennsylvania Western | 2:02cv1628 | Pfizer Inc v. Mylan Laboratories, et al | Mylan Pharmaceuticals Inc | 09/20/2002 | 05/05/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 2:03cv1394 | Cephalon, Inc v. Mylan Pharmaceutical, et al | Mylan Pharmaceuticals Inc | 03/28/2003 | 05/05/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 2:03cv6220 | Janssen Pharmaceutic, et al v. Mylan Pharmaceutical | Mylan Pharmaceuticals Inc | 12/30/2003 | 05/05/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 2:04cv1689 | Ortho-McNeil Pharmaceutical, Inc v. Mylan Laboratories Inc Et A | Mylan Pharmaceuticals Inc | 04/12/2004 | 05/05/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 2:07cv3039 | Daiichi Sankyo Company, Limited et al v. Mylan Pharmaceuticals Inc Et A | Mylan Pharmaceuticals Inc | 06/22/2007 | 05/05/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 2:07cv3770 | Eli Lilly and Company v. Actavis Elizabeth LLC | Mylan Pharmaceuticals Inc | 08/09/2007 | 05/05/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 3:06cv4715 | Schering Corporation v. Zydus Pharmaceuticals, USA, Inc et al | Mylan Pharmaceuticals Inc | 09/29/2006 | 05/05/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 3:07cv2939 | Smithkline Beecham Corporation et al v. Mylan Laboratories, Inc Et A | Mylan Pharmaceuticals Inc | 06/25/2007 | 05/05/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 3:07cv4213 | Sepracor Inc et al v. Sun Pharmaceutical Industries Ltd | Mylan Pharmaceuticals Inc From CV 07 5017 Consol | 09/04/2007 | 05/05/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 3:07cv5017 | Sepracor Inc et al v. Mylan Pharmaceuticals, Inc et al | Mylan Pharmaceuticals Inc | 10/18/2007 | 05/05/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District | 3:06cv2885 | Novartis | Mylan | 06/26/2006 | 05/05/2008 | Active | NOS: (830) |

Copyright © 2008 LexisNexis CourtLink, Inc.  All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | | | | | | |
|---|---|---|---|---|---|---|
| - New Jersey | | Pharmaceuticals Corporation et al v. Mylan Pharmaceuticals, Inc Et A | Pharmaceuticals Inc | | | | Patent; Cause: Patent Infringement |
| U.S. District - West Virginia Northern | 1:07cv91 | Wyeth v. Mylan Pharmaceuticals Inc | Mylan Pharmaceuticals Inc | 07/06/2007 | 05/05/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - West Virginia Northern | 1:02cv32 | Ortho-McNeil Pharm, et al v. Mylan Laboratories, et al | Mylan Pharmaceuticals Inc | 02/22/2002 | 05/05/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 3:07cv3930 | In Re: Desloratadine Patent Litigation MDL1851 | Mylan Pharmaceuticals Inc | 08/17/2007 | 05/05/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Delaware | 1:07cv805 | Astrazeneca Pharmaceuticals LP et al v. Mylan Pharmaceuticals Inc | Mylan Pharmaceuticals Inc | 12/11/2007 | 05/03/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New York Southern | 1:03cv8250 | Takeda Chemical Ind, et al v. Ranbaxy Lab, Ltd, et al | Mylan Pharmaceuticals Inc | 10/17/2003 | 05/02/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Delaware | 1:07cv818 | Sciele Pharma Inc et al v. Mylan Pharmaceuticals Inc et al | Mylan Pharmaceuticals Inc | 12/14/2007 | 04/30/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Illinois Northern | 1:05cv6561 | Abbott Laboratories v. Mylan Pharmaceuticals, Inc | Mylan Pharmaceuticals Inc A West Virginia Corporation | 11/18/2005 | 04/29/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Pennsylvania Western | 2:03cv1608 | Takeda Chemical Indu, et al v. Mylan Laboratories, , et al | Mylan Pharmaceuticals Inc | 10/23/2003 | 04/21/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Illinois Northern | 1:08cv1343 | Ortho-McNeil Pharmaceutical, Inc v. Mylan Pharmaceuticals Inc Et A | Mylan Pharmaceuticals Inc | 03/05/2008 | 04/28/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 2:01cv3835 | Organon Inc, et al v. Mylan Pharmaceutical | Mylan Pharmaceuticals Inc | 08/13/2001 | 03/10/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 2:01cv2171 | Organon Inc, et al v. Mylan Pharmaceutical | Mylan Pharmaceuticals Inc | 05/04/2001 | 03/10/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Delaware | 1:05cv371 | Janssen Pharmaceutica N V et al v. Mylan | Mylan Pharmaceuticals Inc | 06/07/2005 | 04/24/2008 | Active | NOS: (830) Patent; Cause: Patent |

Copyright © 2008 LexisNexis CourtLink, Inc.  All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | Pharmaceuticals Inc Et A | | | | | Infringement |
| U.S. District - Delaware | 1:05cv854 | Boehringer Ingelheim International GMBH et al v. Mylan Pharmaceuticals Inc | Mylan Pharmaceuticals Inc | 12/12/2005 | 04/23/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Georgia Northern | 1:04cv683 | UCB Societe Anonyme v. Mylan Laboratories, et al | Mylan Pharmaceuticals Inc | 03/10/2004 | 03/06/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Delaware | 1:07cv664 | Sciele Pharma Inc et al v. Mylan Pharmaceuticals Inc et al | Mylan Pharmaceuticals Inc | 10/22/2007 | 04/20/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 2:05cv4255 | Aventis Pharmaceuticals Inc et al v. Mylan Pharmacueticals Inc | Mylan Pharmaceuticals Inc | 08/30/2005 | 04/16/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 2:03cv1179 | Aventis Pharmaceuti, et al v. Mylan Pharmaceutical | Mylan Pharmaceuticals Inc | 03/17/2003 | 04/16/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 2:04cv1077 | Aventis Pharmaceuticals Inc et al v. Mylan Pharmaceuticals Inc | Mylan Pharmaceuticals Inc | 03/05/2004 | 04/16/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 2:04cv2305 | Aventis Pharmaceuticals Inc et al v. Mylan Pharmaceuticals Inc | Mylan Pharmaceuticals Inc | 05/17/2004 | 04/16/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 2:07cv5054 | Aventis Pharmaceuticals Inc v. Mylan Pharmaceuticals Inc | Mylan Pharmaceuticals Inc | 10/19/2007 | 04/14/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Pennsylvania Middle | 1:05cv1416 | Mylan Pharmaceuticals Inc v. Merck & Co, Inc | Mylan Pharmaceuticals Inc | 07/14/2005 | 02/27/2008 | Closed | NOS: (830) Patent; Cause: Declaratory Judgement |
| U.S. District - Vermont | 2:02cv213 | Alza Corporation, et al v. Mylan Laboratories, et al | Mylan Pharmaceuticals Inc | 09/03/2002 | 02/27/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Vermont | 2:02cv20 | Alza Corporation, et al v. Mylan Laboratories, et | Mylan Pharmaceuticals Inc | 01/25/2002 | 02/27/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |

Copyright © 2008 LexisNexis CourtLink, Inc.  All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

al

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| U.S. District - West Virginia Northern | 1:08cv73 | Forest Laboratories, Inc et al v. Mylan Pharmaceuticals Inc | Mylan Pharmaceuticals Inc | 01/31/2008 | 02/25/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - West Virginia Northern | 1:08cv101 | Ortho-McNeil Pharmaceutical, Inc v. Mylan Pharmaceuticals, Inc Et A | Mylan Pharmaceuticals Inc | 04/09/2008 | 04/10/2008 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 2:07cv5930 | Novartis Corporation et al v. Mylan Laboratories Inc et al | Mylan Pharmaceuticals Inc | 12/11/2007 | 03/24/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Georgia Northern | 1:04cv792 | UCB Societe Anonyme, et al v. Dr Reddy's Lab, et al | Mylan Pharmaceuticals Inc Consol | 03/19/2004 | 11/23/2007 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New York Southern | 1:07cv5915 | Teva Pharmaceutical Industries Ltd et al v. Mylan Pharmaceuticals, Inc | Mylan Pharmaceuticals Inc | 06/21/2007 | 10/25/2007 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Texas Eastern | 2:07cv345 | Aventis Pharmaceuticals Inc v. Mylan Pharmaceuticals, Inc | Mylan Pharmaceuticals Inc | 08/09/2007 | 11/26/2007 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 2:07cv4214 | Teva Pharmaceutical Industries Ltd et al v. Mylan Pharmaceuticals, Inc | Mylan Pharmaceuticals Inc | 08/29/2007 | 04/07/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - West Virginia Northern | 1:07cv177 | Astrazeneca Pharmaceuticals LP et al v. Mylan Pharmaceuticals Inc | Mylan Pharmaceuticals Inc | 12/28/2007 | 04/02/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Virginia Eastern | 3:08cv144 | Mylan Pharmaceuticals Inc v. Eli Lilly and Company | Mylan Pharmaceuticals Inc | 03/04/2008 | 03/24/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - West Virginia Northern | 1:03cv158 | Alza Corporation v. Mylan Laboratories, et al | Mylan Pharmaceuticals Inc | 06/26/2003 | 03/26/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - West Virginia Northern | 1:03cv153 | Jones Pharma, Inc, et al v. Mylan Pharm | Mylan Pharmaceuticals Inc | 06/16/2003 | 03/21/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Virginia Eastern | 2:07cv450 | Eli Lilly and Company v. Synthon Laboratories, Inc | Mylan Pharmaceuticals Inc | 10/03/2007 | 03/21/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |

Copyright © 2008 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| U.S. District - West Virginia Northern | 1:07cv139 | Sanofi-Aventis et al v. Mylan Pharmaceuticals Inc | Mylan Pharmaceuticals Inc | 10/05/2007 | 11/30/2007 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - West Virginia Northern | 1:03cv61 | Alza Corp v. Mylan Lab, et al | Mylan Pharmaceuticals Inc | 05/02/2003 | 03/13/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - West Virginia Northern | 1:03cv44 | Cephalon, Inc v. Mylan Pharm, et al | Mylan Pharmaceuticals Inc | 04/02/2003 | 03/10/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - West Virginia Northern | 1:05cv150 | Abbott Laboratories v. Mylan Pharmaceuticals, Inc | Mylan Pharmaceuticals Inc A West Virginia Corporation | 11/17/2005 | 01/22/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 2:00cv1657 | Schering Corporation v. Mylan Pharmaceutical | Mylan Pharmaceuticals Inc | 04/07/2000 | 03/06/2008 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - West Virginia Northern | 1:06cv133 | Schwarz Pharma, Inc et al v. Mylan Pharmaceuticals Inc | Mylan Pharmaceuticals Inc | 09/01/2006 | 10/15/2007 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Pennsylvania Eastern | 2:03cv3633 | Jones Pharma, Inc et al v. Mylan Pharmaceuticals Inc | Mylan Pharmaceuticals Inc | 06/13/2003 | 05/11/2006 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 2:06cv757 | Ortho-McNeil Pharmaceutical, Inc v. Mylan Laboratories Inc et al | Mylan Pharmaceuticals Inc | 02/17/2006 | 02/02/2007 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 3:00cv6172 | Bayer AG, et al v. Mylan Pharmaceutical, et al | Mylan Pharmaceuticals Inc | 12/22/2000 | 02/07/2002 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 3:04cv1689 | Ortho-McNeil Pharmaceutical, Inc v. Mylan Laboratories Inc Et A | Mylan Pharmaceuticals Inc | 04/12/2004 | 07/21/2006 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New Jersey | 3:06cv757 | Ortho-McNeil Pharmaceutical, Inc v. Mylan Laboratories Inc et al | Mylan Pharmaceuticals Inc | 02/17/2006 | 07/21/2006 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - West Virginia Northern | 1:05cv93 | Janssen Pharmaceutica NV et al v. Mylan Pharmaceuticals Inc Et A | Mylan Pharmaceuticals Inc | 06/10/2005 | 05/01/2006 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - West | 1:06cv125 | Alza Corporation v. Mylan | Mylan Pharmaceuticals | 08/21/2006 | 07/05/2007 | Closed | NOS: (830) Patent; Cause: |

Copyright © 2008 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Virginia Northern | | Laboratories Inc et al | Inc | | | | Patent Infringement |
| U.S. District - Illinois Northern | 1:06cv2201 | Abbott Laboratories v. Mylan Pharmaceuticals, Inc | Mylan Pharmaceuticals Inc A West Virginia Corporation | 04/20/2006 | 04/06/2007 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Illinois Northern | 1:06cv2749 | Abbott Laboratories v. Mylan Pharmaceuticals, Inc | Mylan Pharmaceuticals Inc A West Virginia Corporation | 05/16/2006 | 08/19/2007 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Pennsylvania Western | 2:00cv2239 | Astrazeneca UK Ltd, et al v. Mylan Pharmaceutical | Mylan Pharmaceuticals Inc | 11/09/2000 | 07/31/2003 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Pennsylvania Western | 2:01cv1048 | Tapestry Pharmaceuti, et al v. Mylan Laboratories, , et al | Mylan Pharmaceuticals Inc | 06/07/2001 | 08/29/2005 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Pennsylvania Western | 2:02cv230 | Alza Corporation, et al v. Mylan Laboratories, et al | Mylan Pharmaceuticals Inc | 01/25/2002 | 10/20/2002 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Pennsylvania Western | 2:02cv382 | ORTHO-McNeil Pharmac, et al v. Mylan Laboratories, et al | Mylan Pharmaceuticals Inc | 02/21/2002 | 03/30/2006 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New York Southern | 2:03cv1953 | Merck & Co, Inc v. Mylan Pharmaceutical | Mylan Pharmaceuticals Incorporated | 03/19/2003 | 04/16/2007 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New York Southern | 1:04cv656 | Eisai Co, Ltd et al v. Mylan Laboratories, Inc et al | Mylan Pharmaceuticals Inc | 01/28/2004 | 09/21/2007 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - West Virginia Northern | 1:02cv69 | Ortho-McNeil, et al v. Mylan Laboratories, et al | Mylan Pharmaceuticals Inc | 05/17/2002 | 04/27/2006 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - District of Columbia | 1:03cv1684 | Kremers Urban Development Company et al v. Esteve Quimica, SA Et A | Mylan Pharmaceuticals Inc | 08/07/2003 | 05/12/2006 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New York Southern | 1:03cv1953 | Merck & Co, Inc v. Mylan Pharmaceutical | Mylan Pharmaceuticals Incorporated | 03/19/2003 | 05/22/2007 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - West Virginia Northern | 1:03cv230 | Jones Pharma, Inc, et al v. Mylan Pharmaceutical | Mylan Pharmaceuticals Incorporated | 10/28/2003 | 12/31/2006 | Closed | NOS: (830) Patent; Cause: Patent Infringement |

Copyright © 2008 LexisNexis CourtLink, Inc.  All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| U.S. District - West Virginia Northern | 1:03cv35 | Merck & Co, Inc v. Mylan Pharm, et al | Mylan Pharmaceuticals Inc | 03/21/2003 | 10/02/2004 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - West Virginia Northern | 1:04cv146 | Ortho-McNeil Pharm, et al v. Mylan Laboratories, et al | Mylan Pharmaceuticals Incorporated | 07/01/2004 | 10/06/2006 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New York Southern | 1:01cv7916 | Mylan Pharmaceutical v. Bristol-Myers Squibb | Mylan Pharmaceuticals Incorporated | 08/23/2001 | 12/18/2003 | Closed | NOS: (830) Patent; Cause: Declaratory Judgement |
| U.S. District - New York Southern | 1:01md1410 | In Re: Buspirone Patent, et al v. , et al | Mylan Pharmaceuticals Inc | 08/23/2001 | 08/30/2006 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New York Southern | 1:00cv6449 | Geneva Pharm, et al v. Mylan Pharmaceutical | Mylan Pharmaceuticals Incorporated | 08/29/2000 | 12/18/2003 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - West Virginia Northern | 1:00cv8 | Mylan Pharmaceutical v. Geneva, et al | Mylan Pharmaceuticals Incorporated | 01/18/2000 | 08/29/2001 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - West Virginia Northern | 1:01cv3 | Geneva, et al v. Mylan Pharmaceutical | Mylan Pharmaceuticals Incorporated | 01/12/2001 | 02/07/2002 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - New York Southern | 1:01cv414 | Bristol-Myers Squibb v. Mylan Pharmaceut, et al | Mylan Pharmaceuticals Inc Counter | 01/18/2001 | 12/18/2003 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - West Virginia Northern | 1:00cv142 | Mylan Pharmaceutical v. Geneva, et al | Mylan Pharmaceuticals Incorporated | 08/29/2000 | 05/14/2003 | Closed | NOS: (830) Patent; Cause: Declaratory Judgment |
| U.S. District - Colorado | 1:00cv1709 | Geneva Pharm Inc, et al v. Mylan Pharm Inc | Mylan Pharmaceuticals Inc | 08/29/2000 | 09/07/2001 | Closed | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - West Virginia Northern | 1:00cv205 | Mylan Pharmaceutical v. Bristol-Myers | Mylan Pharmaceuticals Incorporated | 11/28/2000 | 11/15/2002 | Closed | NOS: (830) Patent; Cause: Declaratory Judgment |

Copyright © 2008 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

# Exhibit A-6

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ASTRAZENECA PHARMACEUTICALS LP,

and

ASTRAZENECA UK LIMITED,

and

IPR PHARMACEUTICALS, INC.

and

SHIONOGI SEIYAKU KABUSHIKI
KAISHA,

                 Plaintiffs,

        v.

APOTEX INC.,

And

APOTEX CORP.,

            Defendants.

Civil Action No.: 07-809 JJF-LPS

## DECLARATION OF TAMMY L. MCINTIRE

TAMMY L. MCINTIRE, of full age, hereby declares as follows:

1.    I am President of Apotex Corp., which has its principal place of business in Weston, Florida. Apotex Corp. sells pharmaceutical products, including products manufactured by Apotex Inc., a Canadian-based pharmaceutical company.

2.    I have personal knowledge of the facts set forth herein, or believe them to be true based on information I have received in the course of my duties, and am competent to testify to the same.

3.    Apotex Corp. and Apotex Inc. are both part of the Apotex Group of companies. The Apotex Group of companies is not headed by Apotex Inc.

4.    Apotex Corp. and Apotex Inc. are each maintained as completely separate corporate entities.

5.    Apotex Corp. and Apotex Inc. each maintain their own books and records, financial statements and tax returns.

6.    Apotex Inc. has no involvement in the day-to-day operations of Apotex Corp. or the process by which Apotex Corp. obtains business.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare under penalty of perjury that the foregoing statements are true and correct.

Executed on: May 2, 2008.

_____
TAMMY L. McINTIRE

2